BARBARA I. ANTONUCCI (SBN 209039)
bantonucci@constangy.com
ANDREA RAWLINS (SBN 253715)
arawlins@constangy.com
NATHAN K. NORIMOTO (SBN 334835)
nnorimoto@constangy.com
**CONSTANGY, BROOKS, SMITH & PROPHETE LLP**
601 Montgomery Street, Suite 350
San Francisco, CA 94111
Telephone: (415) 918-3000

Attorneys for Defendant
ASURION UBIF FRANCHISE, LLC

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MATTHEW DOHERTY, an individual<br><br>Plaintiff,<br><br>v.<br><br>ASURION UBIF FRANCHISE, LLC, a Delaware limited liability company; and DOES 1 through 50, inclusive,<br><br>Defendants, | Case No. 5:22-CV-2822<br><br>[*Removed from Santa Clara County Superior Court*, Case No. 22CV395674]<br><br>**DEFENDANT ASURION UBIF FRANCHISE, LLC'S NOTICE OF REMOVAL** |

**TO THE CLERK OF THE ABOVE-ENTITLED COURT, AND TO PLAINTIFF MATTHEW DOHERTY AND HIS COUNSEL OF RECORD:**

**PLEASE TAKE NOTICE** that Defendant Asurion UBIF Franchise, LLC ("Asurion" or the "Company") hereby removes this action from the Superior Court of California, County of Santa Clara, to the United States District Court for the Northern District of California. This Court has original jurisdiction over this action pursuant to 28 U.S.C. § 1332 because complete diversity of citizenship exists and the amount in controversy exceeds $75,000, exclusive of interest and costs. Accordingly, this action is removable under 28 U.S.C. §§ 1441 and 1446. The following is a short and plain statement of the grounds for removal pursuant to 28 U.S.C. § 1446(a).

## PROCEDURAL BACKGROUND

1. On March 8, 2022, Plaintiff filed this action in the Superior Court of the State of California, County of Santa Clara, Case No. 22CV395674 (the "State Court Action"). In his Complaint, Plaintiff asserts three causes of action under the Fair Employment and Housing Act ("FEHA") for: (1) disability discrimination; (2) retaliation; and (3) failure to prevent discrimination and retaliation. He also asserts two other causes of action for: (4) violation of the Cal. Lab. Code §§ 1019.1 and 98.6; and (5) wrongful termination in violation of public policy.

## TIMELINESS OF REMOVAL

2. On April 13, 2022, Plaintiff delivered copies of: (1) Summons, (2) Civil Case Cover Sheet, (3) Civil Lawsuit Notice, and (4) Complaint for Damages. True and correct copies of these documents are attached as Exhibits 1 through 4.

3. On April 14, 2022, Plaintiff filed a Proof of Service of Summons. A true and correct copy of the Proof of Service of Summons is attached as Exhibit 5.

4. No other process, pleadings, or papers have been filed in said action and no further proceedings have been had.

5. Defendants "DOES 1 through 50, inclusive" have not been identified, nor is there any record of their having been served with the Summons or the Complaint in the State Court Action.

6. This removal is timely filed as required by 28 U.S.C. § 1446(b) having been accomplished within 30 days of the date service was effected, which was April 13, 2022, and within one year of the date the State Court Action was filed on March 8, 2022.

## DIVERSITY JURISDICTION

7. **Jurisdiction.** Asurion is entitled to remove the State Court Action on the ground that this Court has original jurisdiction in this action pursuant to 28 U.S.C. § 1332 and it is an action which may be removed to this Court by Asurion pursuant to the provisions of 28 U.S.C. § 1441(b) because: (1) this action is a civil action between citizens of different states, as Plaintiff is a citizen of California and Asurion is a citizen of Delaware and Tennessee, and (2) this action involves an amount in controversy that exceeds the sum of $75,000, exclusive of interests and costs as described below.

8. **Divisional Assignment.** Pursuant to the U.S. District Court, Northern District of California Civil Local Rule 3-2(c), this action shall be assigned to the "San Jose Division" as the State Court Action arose in the County of Santa Clara.

9. **Plaintiff's Citizenship.** For diversity purposes, an individual's citizenship is determined by the individual's domicile. *Kantor v. Wellesley Galleries, Ltd.*, 704 F. 2d 1088, 1090 (9th Cir. 1983). A person's domicile is his permanent home, where he resides with the intent to remain or to which he intends to return. *See Lew v. Moss*, 797 F. 2d 747, 749 (9th Cir. 1986). Plaintiff represented to Asurion that he lived in both San Jose, CA and Sunnyvale, CA. (Declaration of Tracy Allensworth ("Allensworth Decl.") ¶ 4.) Plaintiff also represented in his Complaint that "[a]t all times mentioned herein, and at the time each of Plaintiff's causes of action arose, Plaintiff, MATTHEW DOHERTY, was an individual and a resident of the State of California." (Compl. ¶ 1.) As a result, Plaintiff is a citizen of California.

10. **Defendant's Citizenship.** For purposes of diversity jurisdiction, corporations are "deemed to be a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business." *Id.* § 1332(c)(1); s*ee also Hertz Corp. v. Friend*, 559 U.S. 77, 96-97 (2010) (the principal place of business is akin to the "nerve center" of the corporation, a place of "actual direction, control, and coordination" of the company).

Similar to partnerships, LLC's for purposes of diversity jurisdiction are treated as "a citizen of every state of which its owners/members are citizens." *Johnson v. Columbia Properties Anchorage, LP*, 437 F.3d 894, 899 (9th Cir. 2006). "Thus, when a corporation is a member of an LLC, the citizenship of the LLC will include the state(s) of which the corporation is a citizen." *Carper v. Tribune Media*, No. CV 15-04259 MMM (SSx), 2015 WL 5636922, at *3 (C.D. Cal. Sept. 28, 2015) (citing *Johnson*, 437 F.3d at 899); *see also Handel man v. Bedford Village Assocs., Ltd Partnership*, 213 F.3d 48, 51-52 (2d Cir. 2000) (recognizing that "a limited liability company has the citizenship of its membership").

    a.    Asurion is a limited liability company organized under the laws of Delaware with a layered membership structure that makes it a citizen of both Delaware and Tennessee. (Declaration of Kristen C. Gaul ("Gaul Decl.") ¶¶ 2-5.) Asurion filed its most recent version of its Statement of Information with the California Secretary of State on November 18, 2021. A true and correct copy of Asurion's Statement of Information filed with the California Secretary of State on November 18, 2021, which was accessed and downloaded from the Secretary of State's website at www.sos.ca.gov on April 23, 2022, is attached as Exhibit 6.

- The sole member of Asurion is Asurion, LLC, a limited liability company organized under the laws of Delaware. (Gaul Decl. ¶¶ 2-3.)
- The sole member of Asurion, LLC is Lonestar Intermediate Holdings, LLC, a limited liability company organized under the laws of Delaware. (*Id.*, ¶¶ 3-4.)
- The sole member of Lonestar Intermediate Holdings, LLC is Lonestar Intermediate Super Holdings, LLC, a limited liability company organized under the laws of Delaware. (*Id.*, ¶ 4-5.)
- The sole member of Lonestar Intermediate Super Holdings, LLC is Asurion Group, Inc., a private corporation with a place of incorporation in Delaware and principal place of business in Tennessee. (*Id.*, ¶ 4-5.)

    b.    Since Asurion Group, Inc. is a citizen of Delaware and Tennessee, Asurion is also a citizen of Delaware and Tennessee. *See Buschman v. Anesthesia Bus. Consultants LLC*, 42 F. Supp. 3d 1244, 1249 (N.D. Cal. 2014) (Chen, J.) (finding that complete diversity existed where the defendant, a limited liability company, had a member that was a Michigan corporation and the

plaintiff was citizen of California); *Tribune Media*, 2015 WL 5636922, at *3 (determining complete diversity existed where the defendant, a limited liability company, had a sole member who was another limited liability company, and the sole member of that limited liability company was a corporation with a place of incorporation in Delaware and a principal place of business in Illinois); *Baghdasarian v. Macy's, Inc.*, No. 2:21-CV-04153-AB (MAAx), 2021 WL 4026760, at *6 (C.D. Cal. Sept. 2, 2021) (determining complete diversity of citizenship existed where a defendant, a limited liability company with layered membership structure that included both a limited liability company and a corporation, was a citizen of Delaware and New York); *Nunez v. Dean Foods Vegetable Co.*, No. CV 16-04549-BRO (RAO), 2016 WL 4445742, at *3 (C.D. Cal. Aug. 22, 2016) (finding complete diversity existed where the defendant, a limited liability company, had a layered membership structure with citizenship in both Wisconsin and Texas and the plaintiff was a citizen of California).

11. **Citizenship of unnamed "Doe" Defendants.** The defendants Plaintiff designates as Does 1 through 50 in the Complaint are fictitious defendants and are not parties to this action. Unnamed defendants, such as Doe defendants, are not required to join in a removal petition. The Court may therefore disregard their citizenship for purposes of determining diversity jurisdiction. 28 U.S.C. § 1441(a); *Fristoe v. Reynolds Metals Co.*, 615 F. 2d 1209, 1213 (9th Cir. 1980).

12. **Amount in Controversy.** Asurion alleges that based on Plaintiff's Complaint, it is facially apparent that the amount in controversy in this action exceeds the jurisdictional sum or value of $75,000. "The calculation of the amount in controversy takes into account claims for 'general' damages, 'special' damages, punitive damages if recoverable as a matter of law." *Rippee v. Boston Mkt. Corp.*, 408 F. Supp. 2d 982, 984 (S.D. Cal. 2005); *see e.g.*, *Kroske v. U.S. Bank Corp.*, 432 F.3d 976, 980 (9th Cir. 2005) (factual allegations in the Complaint, along with the types of damages plaintiff sought made it facially apparent that the amount in controversy exceeded the $75,000 jurisdictional amount).

    a. **Compensatory Damages.** Plaintiff alleges that as a result of Asurion's conduct, he "has suffered actual, consequential and incidental financial losses, including without

limitation, loss of salary and benefits, and the intangible loss of employment related opportunities in his field and damage to his professional reputation …" (Compl. ¶¶ 18, 25, 33, 52.) He further alleges that he "has lost, and will continue to lose, earnings and fringe benefits and has suffered and/or will suffer other actual, consequential and incidental financial losses" and is "entitled to … lost wages and work benefits caused by [Asurion], pursuant to California Labor Code § 98.6(b)(1)." (*Id.*, ¶ 41, 48.) Plaintiff also claims that Asurion "is liable for a civil penalty of ten thousand dollars ($10,000), pursuant to California Labor Code § 1019.1(b)(3)" and another "civil penalty of ten thousand dollars ($10,000), pursuant to California Labor Code § 98.6(b)(3)." (Compl. ¶¶ 44, 49.) Accordingly, Plaintiff seeks "special damages," "punitive damages," "medical expenses and related items of expense," "loss of earnings," and "civil penalties" from Asurion. (*See* Compl. ¶¶ 18, 25, 33, 41, 44, 48, 49, and "prays for judgment" at ¶ 11.)

1.  When Plaintiff was separated on October 11, 2021, Plaintiff earned $25.63 per hour. (Allensworth Decl. ¶ 3.) Over the seven-day period when Plaintiff worked as a Retail Store Lead at the uBreakiFix store in Cupertino, CA, Plaintiff claimed he worked over forty (40) hours. (*Id.*) If Plaintiff worked forty (40) hours a week, he would have earned approximately $4,100.80 per month.

2.  There are approximately seven (7) months between October 11, 2021, when Plaintiff stopped working at the Cupertino store, and May 11, 2022, the date of Asurion's Notice of Removal in this action. Thus, if Plaintiff recovered back wages spanning from the date of his separation to the date of Asurion's Notice of Removal (which Asurion contends he cannot), Plaintiff would be entitled to approximately seven (7) months, or $28,705.60 in back wages. Assuming this case proceeds to trial in October of 2023 (eighteen months after the Complaint was served), and assuming that Plaintiff remains without work through the time of trial, he will claim entitlement to a total of twenty-four (24) months of back wages, which would amount to **$98,419.20**.

3.  Lastly, Courts routinely consider civil penalties imposed by statutes when determining whether the amount in controversy exceeds the jurisdictional minimum for diversity jurisdiction. *See e.g. Covarrubias v. Ford Motor Co.*, No. 19-CV-01832-EMC, 2019 WL

2866046, at *6 (N.D. Cal. July 3, 2019) (Chen, J.) (incorporating the maximum civil penalty into the amount in controversy calculation where the plaintiff expressly pled that she sought civil penalties pursuant to the California Civil Code).

4.  Here, Plaintiff seeks $20,000 in recoverable penalties under sections 1019.1 and 98.6 of the California Labor Code. (Compl. ¶¶ 44, 49.) Both of these statutes authorize maximum recoverable penalties of $10,000 per violation. *See* Cal. Lab. Code §§ 1019.1(b)(3), 98.6(b)(3). Consequently, an additional **$20,000** in alleged civil penalties should be included in the amount in controversy. After incorporating these potential civil penalties into the amount in controversy calculation, the total amount of compensatory damages Plaintiff may potentially recover in this action greatly exceeds the jurisdictional minimum.

b.  <u>Punitive Damages.</u> Plaintiff also seeks to recover punitive damages. (*See* Compl. ¶¶ 21, 28, 43, 53 and "prays for judgment" at ¶ 11.) Although California law does not provide any specific monetary limit on the amount of punitive damages which may be awarded pursuant to section 3294 of the California Civil Code, the proper amount of punitive damages under California law is generally based on the reprehensibility of a defendant's misdeeds, the ratio between compensatory and punitive damages, and ratio between damages and the defendant's net worth. *See Boyle v. Lorimar Prods., Inc.*, 13 F. 3d 1357, 1360 (9th Cir. 1994). Punitive damages are included in calculating the amount in controversy. *See Davenport v. Mut. Ben. Health & Acc. Ass'n*, 325 F.2d 785, 787 (9th Cir. 1963); *see also Aucina v. Amoco Oil Co.*, 871 F. Supp. 332, 334 (S.D. Iowa 1994). In *Aucina*, the employer-defendant established that the amount in controversy exceeded the jurisdictional minimum where the former employee asserted claims for lost wages, lost benefits, mental anguish, and punitive damages. *Aucina*, 871 F. Supp. at 334. The court noted that "[b]ecause the purpose of punitive damages is to capture a [D]efendant's attention and deter others from similar conduct," a claim for punitive damages could exceed the jurisdictional threshold amount of $75,000 on its own. *Id*.

c.  <u>Attorneys' Fees.</u> Plaintiff also seeks to recover attorneys' fees pursuant to section 12965(b) of the California Government Code. (Compl. ¶¶ 20, 27, 35, and "prays for

judgment" at ¶ 11.) "[W]here an underlying statute authorizes an award of attorneys' fees, either with mandatory or discretionary language, such fees may be included in the amount in controversy." *Galt G/S v. JSS Scandinavia*, 142 F. 3d 1150, 1156 (9th Cir. 1998). "When assessing the amount in controversy, the court considers the amount of attorneys' fees to be accrued throughout the entirety of the litigation." *Cain v. Hartford Life and Acc. Ins. Co.*, 890 F. Supp. 2d 1246, 1250 (C.D. Cal. 2012), *citing Simmons v. PCR Technology*, 209 F. Supp. 2d 1029, 1034 (N.D. Cal. 2002) (Patel, J.). *See also Sasso v. Noble Utah Long Beach, LLC*, No. CV 14-09154-AB (AJWx), 2015 WL 898468, at *5 (C.D. Cal. Mar. 3, 2015); *Garcia v. ACE Cash Express, Inc.*, No. SACV 14-0285-DOC (RNBx), 2014 WL 2468344, at *5 (C.D. Cal. May 30, 2014). "[T]he Court can use its discretion to determine, within its own experience, that an award of attorneys' fees alone will satisfy the amount in controversy requirement." *James Dickey, Inc. v. Alterra Am. Ins. Co.*, No. 2:15-cv-00963-ODW-DTB, 2015 WL 4537732, at *3 (C.D. Cal. July 27, 2015), citing *Cain v. Hartford Life and Acc. Ins. Co.,* 890 F. Supp. 2d 1246, 1250 (C.D. Cal. 2012). As such, even a minimum award of attorneys' fees "would place the amount in controversy well in excess of $75,000." *Haase v. Aerodynamics Inc.*, No. 2:09-cv-01751-MCE-GGH, 2009 WL 3368519, at *3, *5 (E.D. Cal. Oct. 19, 2009) (internal citations omitted). When calculating attorneys' fees for the amount in controversy, courts routinely recognize that attorneys representing a single plaintiff in an employment dispute may reasonably spend at least 100 billable hours on a case. *See Sasso,* 2015 WL 898468, at *6 (reasonable attorneys' fees in a single-plaintiff matter with only four causes of action "may reasonably be expected to equal at least" 100 hours); *Cagle v. C & S Wholesale Grocers, Inc.*, No. 2:13-CV-02134-MCE-KJN, 2014 WL 651923, at *11 (E.D. Cal. Feb. 19, 2014) (100 billable hours was a "a reasonable and good faith estimate of the expected fees" in a single-plaintiff employment matter that included wage claims). Moreover, if Plaintiff's counsel prosecutes this matter through trial, he will, to a near certainty, spend at least 1,000 billable hours litigating this case that includes complex disability-related causes of action and nine individual claims. *See Muniz v. United Parcel Serv., Inc.*, 738 F.3d 214, 225 (9th Cir. 2013) (finding that an attorneys' fees award for 1,610.8 total billable hours was reasonable where counsel argued multiple single-plaintiff FEHA discrimination claims through trial).

1. In the single-plaintiff employment matter entitled *Clint Matkovich v. Costco Wholesale Corporation*, Case No. 2:15-cv-02057-MRW, Plaintiff's counsel, D. Aaron Brock, who at the time worked for the law firm JML Law, APLC, billed at an hourly rate of $600 per hour. (*See* Ex. 7.) The court, upon reviewing Plaintiff's counsel's qualifications, approved a $600 hourly rate when awarding attorneys' fees to the prevailing party. (*See* Ex. 8.) True and correct copies of the Declaration of Joseph M. Lovretovich in Support of Plaintiff's Motion for Reasonable Attorneys' Fees filed on July 13, 2017 and the Court's Minute Order issued on August 24, 2017, downloaded from the United States District Court, Central District of California website on April 26, 2022, are attached as Exhibits 7 and 8.[1] Mr. Brock's hourly rates have likely increased in the four (4) years that have elapsed since the court's award of attorneys' fees in the *Matkovich* matter.  Moreover, the instant case involves (5) causes of action. (*See generally* Compl.) Thus, after applying a conservative calculation of at least 100 hours of billable time and using Mr. Brock's rate of $600 per hour, it can reasonably be assumed that Plaintiff's counsel will seek *at least* **$60,000** in attorneys' fees. Of course, this assumption does not take into account whether Plaintiff's counsel has raised his rates since the 2017 award, and if he will increase his hourly rates by the time this matter concludes through trial.

d. Thus, based on Plaintiff's alleged damages and potentially recoverable attorneys' fees, it is reasonable to assume that the $75,000 threshold would be satisfied. *See Simmons*, 209 F. Supp. 2d at 1034 (holding that plaintiff's employment discrimination claim exceeded the federal jurisdictional minimum, even though the lost wages at the time of removal were just $26,500, because Plaintiff sought emotional distress damages, punitive damages, and attorney's fees under FEHA); *Kroske,* 432 F.3d at 980 (affirming removal of bank employee lawsuit, even though employee earned less than $75,000 per year, because emotional distress damages in a FEHA claim could reasonably be assumed to add enough to her lost wages and front pay to exceed the jurisdictional amount); *see, e.g., White v. FCI USA, Inc.,* 319 F. 3d 672, 675-76 (5th Cir. 2003)

---

[1] When Mr. Lovretovich's declaration was filed in July 2017, it appears Mr. Brock's employment at JML Law had ended and he had started his own firm, Brock & Gonzalez, LLP. (*See* Ex. 7 ("In mid-2016, Mr. Brock left my firm to start Brock & Gonzales, LLP, a plaintiff's employment and personal injury firm.")).

(holding that plaintiff's wrongful termination claim exceeded $75,000 based on his "lengthy list" of compensatory damages including loss of pay, employment benefits, impaired earning capacity, emotional distress, and other remedies). Accordingly, the amount in controversy in this action is at least **$178,419.20** (exclusive of front pay, emotional distress and punitive damages) and thus exceeds the jurisdictional sum or value of $75,000.

## CONCLUSION

13. Complete diversity of citizenship exists inasmuch as Plaintiff is a citizen of California and Asurion is a citizen of Delaware and Tennessee. Furthermore, the amount in controversy exceeds $75,000. Accordingly, this Court has diversity jurisdiction of this matter pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, and Asurion has properly removed the State Court Action to this Court.

Dated May 12, 2022          CONSTANGY, BROOKS, SMITH & PROPHETE LLP

By: */s Nathan K. Norimoto*
  Barbara I. Antonucci
  Andrea Rawlins
  Nathan K. Norimoto
  Attorneys for Defendant
  ASURION UBIF FRANCHISE, LLC