# EXHIBIT 1

**SUM-100**

# SUMMONS
## *(CITACION JUDICIAL)*

*FOR COURT USE ONLY*
*(SOLO PARA USO DE LA CORTE)*

E-FILED
3/8/2022 2:53 PM
Clerk of Court
Superior Court of CA,
County of Santa Clara
22CV395674
Reviewed By: P. Newton
Envelope: 8459609

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*
ASSURION UBIF FRANCHISE, LLC, a Delaware limited liability company;
and DOES 1-50, inclusive,

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*
MATTHEW DOHERTY, an individual,

NOTICE! You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. NOTE: The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.
*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero o bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

The name and address of the court is: Superior Court of the State of California
*(El nombre y dirección de la corte es):*
County of Santa Clara
191 North First Street, San Jose, CA 95113

CASE NUMBER: *(Número del Caso):*
**22CV395674**

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is: *(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Brock & Gonzales LLP, 6701 Center Drive West, Ste. 610, Los Angeles, CA 90045, (310) 294-9595

DATE: 3/8/2022 2:53 PM    Clerk of Court    Clerk, by    P. Newton    , Deputy
*(Fecha)*    *(Secretario)*    *(Adjunto)*

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

[SEAL]

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*
3. ☐ on behalf of *(specify):*

   under: ☐ CCP 416.10 (corporation)         ☐ CCP 416.60 (minor)
   ☐ CCP 416.20 (defunct corporation)         ☐ CCP 416.70 (conservatee)
   ☐ CCP 416.40 (association or partnership)   ☐ CCP 416.90 (authorized person)
   ☐ other *(specify):*
4. ☐ by personal delivery on *(date):*

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465
*www.courts.ca.gov*

**For your protection and privacy, please press the Clear This Form button after you have printed the form.**

Print this form    Save this form    Clear this form

# EXHIBIT 2

CM-010

ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address):
D. Aaron Brock SBN: 241919
Brock & Gonzales LLP, 6701 Center Drive West, Ste. 610, Los Angeles, CA 90045

TELEPHONE NO.: (310) 294-9595    FAX NO. (Optional): (310) 961-3673
E-MAIL ADDRESS:
ATTORNEY FOR (Name): Plaintiff, Matthew Doherty

SUPERIOR COURT OF CALIFORNIA, COUNTY OF SANTA CLARA
STREET ADDRESS: 191 North First Street
MAILING ADDRESS: 191 North First Street
CITY AND ZIP CODE: San Jose, CA 95113
BRANCH NAME:

CASE NAME:
Matthew Doherty v. Assurion Ubif Franchise LLC

*FOR COURT USE ONLY*

**Electronically Filed
by Superior Court of CA,
County of Santa Clara,
on 3/8/2022 2:53 PM
Reviewed By: P. Newton
Case #22CV395674
Envelope: 8459609**

| CIVIL CASE COVER SHEET | Complex Case Designation | CASE NUMBER: 22CV395674 |
|---|---|---|
| [x] Unlimited (Amount demanded exceeds $25,000)   [ ] Limited (Amount demanded is $25,000 or less) | [ ] Counter   [ ] Joinder<br>Filed with first appearance by defendant (Cal. Rules of Court, rule 3.402) | JUDGE:<br>DEPT.: |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check **one** box below for the case type that best describes this case:

**Auto Tort**
- [ ] Auto (22)
- [ ] Uninsured motorist (46)

**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
- [ ] Asbestos (04)
- [ ] Product liability (24)
- [ ] Medical malpractice (45)
- [ ] Other PI/PD/WD (23)

**Non-PI/PD/WD (Other) Tort**
- [ ] Business tort/unfair business practice (07)
- [ ] Civil rights (08)
- [ ] Defamation (13)
- [ ] Fraud (16)
- [ ] Intellectual property (19)
- [ ] Professional negligence (25)
- [ ] Other non-PI/PD/WD tort (35)

**Employment**
- [x] Wrongful termination (36)
- [ ] Other employment (15)

**Contract**
- [ ] Breach of contract/warranty (06)
- [ ] Rule 3.740 collections (09)
- [ ] Other collections (09)
- [ ] Insurance coverage (18)
- [ ] Other contract (37)

**Real Property**
- [ ] Eminent domain/Inverse condemnation (14)
- [ ] Wrongful eviction (33)
- [ ] Other real property (26)

**Unlawful Detainer**
- [ ] Commercial (31)
- [ ] Residential (32)
- [ ] Drugs (38)

**Judicial Review**
- [ ] Asset forfeiture (05)
- [ ] Petition re: arbitration award (11)
- [ ] Writ of mandate (02)
- [ ] Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
- [ ] Antitrust/Trade regulation (03)
- [ ] Construction defect (10)
- [ ] Mass tort (40)
- [ ] Securities litigation (28)
- [ ] Environmental/Toxic tort (30)
- [ ] Insurance coverage claims arising from the above listed provisionally complex case types (41)

**Enforcement of Judgment**
- [ ] Enforcement of judgment (20)

**Miscellaneous Civil Complaint**
- [ ] RICO (27)
- [ ] Other complaint (not specified above) (42)

**Miscellaneous Civil Petition**
- [ ] Partnership and corporate governance (21)
- [ ] Other petition (not specified above) (43)

2. This case [ ] is [x] is not complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. [ ] Large number of separately represented parties
   b. [ ] Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
   c. [ ] Substantial amount of documentary evidence
   d. [ ] Large number of witnesses
   e. [ ] Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   f. [ ] Substantial postjudgment judicial supervision

3. Remedies sought (check all that apply): a. [x] monetary b. [x] nonmonetary; declaratory or injunctive relief c. [x] punitive
4. Number of causes of action (specify): 5
5. This case [ ] is [x] is not a class action suit.
6. If there are any known related cases, file and serve a notice of related case. (You may use form CM-015.)

Date: 03/08/2022

D. Aaron Brock
_____
(TYPE OR PRINT NAME)       (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

Form Adopted for Mandatory Use
Judicial Council of California

**CIVIL CASE COVER SHEET**

Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;
Cal. Standards of Judicial Administration, std. 3.10

CM-010

## INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you **must** complete and file, along with your first paper, the Civil Case Cover Sheet contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check **one** box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the **primary** cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the Civil Case Cover Sheet to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

### CASE TYPES AND EXAMPLES

**Auto Tort**
Auto (22)–Personal Injury/Property
   Damage/Wrongful Death
Uninsured Motorist (46) *(if the
   case involves an uninsured
   motorist claim subject to
   arbitration, check this item
   instead of Auto)*

**Other PI/PD/WD (Personal Injury/
Property Damage/Wrongful Death)
Tort**
Asbestos (04)
   Asbestos Property Damage
   Asbestos Personal Injury/
      Wrongful Death
Product Liability *(not asbestos or
   toxic/environmental)* (24)
Medical Malpractice (45)
   Medical Malpractice–
      Physicians & Surgeons
   Other Professional Health Care
      Malpractice
Other PI/PD/WD (23)
   Premises Liability (e.g., slip
      and fall)
   Intentional Bodily Injury/PD/WD
      (e.g., assault, vandalism)
   Intentional Infliction of
      Emotional Distress
   Negligent Infliction of
      Emotional Distress
   Other PI/PD/WD

**Non-PI/PD/WD (Other) Tort**
Business Tort/Unfair Business
   Practice (07)
Civil Rights (e.g., discrimination,
   false arrest) *(not civil
   harassment)* (08)
Defamation (e.g., slander, libel)
   (13)
Fraud (16)
Intellectual Property (19)
Professional Negligence (25)
   Legal Malpractice
   Other Professional Malpractice
      *(not medical or legal)*
Other Non-PI/PD/WD Tort (35)

**Employment**
Wrongful Termination (36)
Other Employment (15)

**Contract**
Breach of Contract/Warranty (06)
   Breach of Rental/Lease
      Contract *(not unlawful detainer
      or wrongful eviction)*
   Contract/Warranty Breach–Seller
      Plaintiff *(not fraud or negligence)*
   Negligent Breach of Contract/
      Warranty
   Other Breach of Contract/Warranty
Collections (e.g., money owed, open
   book accounts) (09)
   Collection Case–Seller Plaintiff
   Other Promissory Note/Collections
      Case
Insurance Coverage *(not provisionally
   complex)* (18)
   Auto Subrogation
   Other Coverage
Other Contract (37)
   Contractual Fraud
   Other Contract Dispute

**Real Property**
Eminent Domain/Inverse
   Condemnation (14)
Wrongful Eviction (33)
Other Real Property (e.g., quiet title) (26)
   Writ of Possession of Real Property
   Mortgage Foreclosure
   Quiet Title
   Other Real Property *(not eminent
   domain, landlord/tenant, or
   foreclosure)*

**Unlawful Detainer**
Commercial (31)
Residential (32)
Drugs (38) *(if the case involves illegal
   drugs, check this item; otherwise,
   report as Commercial or Residential)*

**Judicial Review**
Asset Forfeiture (05)
Petition Re: Arbitration Award (11)
Writ of Mandate (02)
   Writ–Administrative Mandamus
   Writ–Mandamus on Limited Court
      Case Matter
   Writ–Other Limited Court Case
      Review
Other Judicial Review (39)
   Review of Health Officer Order
   Notice of Appeal–Labor
      Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal.
Rules of Court Rules 3.400–3.403)**
Antitrust/Trade Regulation (03)
Construction Defect (10)
Claims Involving Mass Tort (40)
Securities Litigation (28)
Environmental/Toxic Tort (30)
Insurance Coverage Claims
   *(arising from provisionally complex
   case type listed above)* (41)

**Enforcement of Judgment**
Enforcement of Judgment (20)
   Abstract of Judgment (Out of
      County)
   Confession of Judgment *(non-
   domestic relations)*
   Sister State Judgment
   Administrative Agency Award
      *(not unpaid taxes)*
   Petition/Certification of Entry of
      Judgment on Unpaid Taxes
   Other Enforcement of Judgment
      Case

**Miscellaneous Civil Complaint**
RICO (27)
Other Complaint *(not specified
   above)* (42)
   Declaratory Relief Only
   Injunctive Relief Only *(non-
   harassment)*
   Mechanics Lien
   Other Commercial Complaint
      Case *(non-tort/non-complex)*
   Other Civil Complaint
      *(non-tort/non-complex)*

**Miscellaneous Civil Petition**
Partnership and Corporate
   Governance (21)
Other Petition *(not specified
   above)* (43)
   Civil Harassment
   Workplace Violence
   Elder/Dependent Adult
      Abuse
   Election Contest
   Petition for Name Change
   Petition for Relief From Late
      Claim
   Other Civil Petition

CM-010 [Rev. September 1, 2021]

**CIVIL CASE COVER SHEET**

Page 2 of 2

**For your protection and privacy, please press the Clear**

# EXHIBIT 3

**ATTACHMENT CV-5012**

## CIVIL LAWSUIT NOTICE
**Superior Court of California, County of Santa Clara**
**191 North First St., San José, CA 95113**

CASE NUMBER: _22CV395674_

---

### PLEASE READ THIS ENTIRE FORM

---

*PLAINTIFF* (the person suing): Within 60 days after filing the lawsuit, you must serve each Defendant with the *Complaint*, *Summons*, an *Alternative Dispute Resolution (ADR) Information Sheet*, and a copy of this *Civil Lawsuit Notice*, and you must file written proof of such service.

---

*DEFENDANT* (The person sued): **You must do each of the following to protect your rights:**

1. You must file a **written response** to the *Complaint, using the proper legal form or format*, in the Clerk's Office of the Court, within **30 days** of the date you were served with the *Summons* and *Complaint*;
2. You must serve by mail a copy of your written response on the Plaintiff's attorney or on the Plaintiff if Plaintiff has no attorney (to "serve by mail" means to have an adult other than yourself mail a copy); and
3. You must attend the first Case Management Conference.

   **Warning: If you, as the Defendant, do not follow these instructions, you may automatically lose this case.**

---

*RULES AND FORMS:* You must follow the California Rules of Court and the Superior Court of California, County of <_CountyName_> Local Civil Rules and use proper forms. You can obtain legal information, view the rules and receive forms, free of charge, from the Self-Help Center at 201 North First Street, San José (408-882-2900 x-2926).

- State Rules and Judicial Council Forms: www.courtinfo.ca.gov/forms and www.courtinfo.ca.gov/rules
- Local Rules and Forms: http://www.sccsuperiorcourt.org/civil/rule1toc.htm

*CASE MANAGEMENT CONFERENCE (CMC):* You must meet with the other parties and discuss the case, in person or by telephone at least 30 calendar days before the CMC. You must also fill out, file and serve a *Case Management Statement* (Judicial Council form CM-110) at least 15 calendar days before the CMC.

*You or your attorney must appear at the CMC. You may ask to appear by telephone – see Local Civil Rule 8.*

---

| | |
|---|---|
| Your Case Management Judge is: Kirwan, Peter | Department: 19 |
| The 1st CMC is scheduled for: (Completed by Clerk of Court)<br>Date: 8/2/2022    Time: 3:45 pm | in Department: 19 |
| The next CMC is scheduled for: (Completed by party if the 1st CMC was continued or has passed)<br>Date: _____ Time: _____ | in Department: _____ |

---

*ALTERNATIVE DISPUTE RESOLUTION (ADR):* If all parties have appeared and filed a completed *ADR Stipulation Form* (local form CV-5008) at least 15 days before the CMC, the Court will cancel the CMC and mail notice of an ADR Status Conference. Visit the Court's website at www.sccsuperiorcourt.org/civil/ADR/ or call the ADR Administrator (408-882-2100 x-2530) for a list of ADR providers and their qualifications, services, and fees.

*WARNING:* Sanctions may be imposed if you do not follow the California Rules of Court or the Local Rules of Court.

ResetForm

---

# EXHIBIT 4

**BROCK & GONZALES, LLP**
6701 CENTER DRIVE WEST, STE. 610
LOS ANGELES, CA 90045
Tel: (310) 294-9595
Fax: (310) 961-3673
D. AARON BROCK, STATE BAR NO. 241919

**Attorneys for Plaintiff**
Matthew Doherty

E-FILED
3/8/2022 2:53 PM
Clerk of Court
Superior Court of CA,
County of Santa Clara
22CV395674
Reviewed By: P. Newton

**SUPERIOR COURT OF THE STATE OF CALIFORNIA**

**COUNTY OF SANTA CLARA**

|  |  |
|---|---|
| MATTHEW DOHERTY, an individual,<br><br>Plaintiff,<br><br>vs.<br><br>ASSURION UBIF FRANCHISE, LLC, a Delaware limited liability company; and DOES 1-50, inclusive,<br><br>Defendants. | 22CV395674<br><br>Case No.:<br><br>**PLAINTIFF'S COMPLAINT FOR DAMAGES FOR:**<br><br>1. **DISABILITY/MEDICAL CONDITION DISCRIMINATION IN VIOLATION OF THE FEHA;**<br><br>2. **RETALIATION IN VIOLATION OF THE FEHA;**<br><br>3. **FAILURE TO PREVENT IN VIOLATION OF THE FEHA;**<br><br>4. **VIOLATION OF CALIFORNIA LABOR CODE SECTIONS 1019.1 and 98.6; and**<br><br>5. **WRONGFUL TERMINATION IN VIOLATION OF PUBLIC POLICY.**<br><br>**DEMAND FOR JURY TRIAL** |

B&G|BROCK&
GONZALES

1

**COMPLAINT FOR DAMAGES**

1   Plaintiff, MATTHEW DOHERTY, hereby brings his employment complaint, demanding

2   a trial by jury, against the above-named Defendants and states and alleges as follows:

3   **THE PARTIES**

4   1.   At all times mentioned herein, and at the time each of Plaintiff's causes of action

5   arose, Plaintiff, MATTHEW DOHERTY, was an individual and a resident of the State of

6   California.

7   2.   Plaintiff is informed and believes, and based thereon alleges, that Defendant

8   ASSURION UBIF FRANCHISE, LLC was, and is, a Delaware limited liability company doing

9   business in the County of Santa Clara, State of California, at 341 Cobalt Way, Sunnyvale,

10   California 94085. At the time the causes of action arose, Defendants ASSURION UBIF

11   FRANCHISE, LLC and/or DOES 1-50 were Plaintiff's employer(s).

12   3.   Plaintiff is unaware of the true names and capacities of Defendants sued herein as

13   DOES 1 through 50, inclusive; and for that reason sues said Defendants by such fictitious names.

14   Each of the Defendants designated herein as a DOE is negligently, intentionally, or otherwise

15   legally responsible in some manner for the events and happenings herein referred to and caused

16   injuries and damages proximately thereby to the Plaintiff, as herein alleged. Plaintiff will file and

17   serve one or more amendments to this complaint upon learning the true names and capacities of

18   said Defendants.

19   4.   Plaintiff is informed and believes that each of the fictitiously named Defendants is

20   responsible in some manner for, and proximately caused, the injuries and damages to Plaintiff

21   hereinafter alleged.

22   5.   Plaintiff is informed and believes, and based thereon alleges, that each of the

23   Defendants named herein acted as the employee, agent, servant, partner, alter-ego and/or joint

24   venturer of one or more of the other Defendants named herein. In doing the acts and/or

25   omissions alleged herein, each of said Defendants acted within the course and scope of his or her

26   relationship with any other Defendant; and gave and received full consent, permission and

27   ratification to the acts and/or omissions alleged herein.

28   6.   Hereinafter in this Complaint, unless otherwise noted, reference to a Defendant shall

2

**COMPLAINT FOR DAMAGES**

1   mean all Defendants, and each of them.

2   ## THE FACTUAL ALLEGATIONS

3   7.   Plaintiff worked for Defendant from on or about October 4, 2021 until Defendant
4   wrongfully terminated Plaintiff's employment on or about October 11, 2021.

5   8.   On Plaintiff's second day of work, on or about October 5, 2021, Plaintiff informed
6   his supervisor that he may need to leave work early for doctor's appointment.

7   9.   Two days later, on or about October 7, 2021, Plaintiff's supervisor asked Plaintiff
8   about his doctor's appointment. In response, Plaintiff informed his supervisor that Plaintiff was
9   receiving treatment for the disability/medical condition of cancer.

10   10.   The next day, on or about October 8, 2021, Plaintiff's area manager called and asked
11   if Plaintiff had cancer, informing Plaintiff that he heard from Defendant's Human Resources
12   Department that Plaintiff had cancer.

13   11.   Three days later, on or about October 11, 2021, Defendant terminated Plaintiff's
14   employment, purportedly for not completing an USCIS Form I-9.

15   12.   Plaintiff is informed and believes, and based thereon alleges, that Defendant's
16   reason for termination is false and/or pretext. Defendant knew Plaintiff, who was born in the
17   United States, was authorized to work in the United States, had provided the necessary
18   documents to verify his identity, and had been trying to complete a I-9 form, even though it was
19   Defendant's responsibility to do so. Plaintiff is informed and believes, and based thereon alleges,
20   that Defendant terminated Plaintiff's employment on account of Plaintiff's disability/medical
21   condition and/or in retaliation for disclosing his disability/medical condition and/or Plaintiff's
22   anticipated future need for reasonable accommodation.

23   ## EXHAUSTION OF ADMINISTRATIVE REMEDIES

24   13.   On March 6, 2022, Plaintiff filed a complaint against Defendant with the
25   Department of Fair Employment and Housing. Plaintiff received a "Right-to-Sue" letter from
26   said department that same day. This Complaint is timely filed pursuant to that letter.

27   ///

28   ///

**3**

**COMPLAINT FOR DAMAGES**

**FIRST CAUSE OF ACTION**

**DISABILITY/MEDICAL CONDITION DISCRIMINATION IN VIOLATION OF THE**

**FEHA**

**(Against ALL Defendants)**

14.   Plaintiff restates and incorporates by this reference as if fully set forth herein paragraphs 1 through 13 of this Complaint.

15.   At all times herein mentioned, the FEHA was in full force and effect and was binding on Defendants, as Defendants regularly employed five or more persons.

16.   The FEHA requires Defendants to refrain from discriminating against any employee on the basis of perceived and/or actual disability/medical condition.

17.   Defendants engaged in unlawful employment practices in violation of the FEHA.

18.   As a proximate result of the aforesaid acts of Defendants, Plaintiff has suffered actual, consequential and incidental financial losses, including without limitation, loss of salary and benefits, and the intangible loss of employment related opportunities in his field and damage to his professional reputation, all in an amount subject to proof at the time of trial. Plaintiff claims such amounts as damages pursuant to California Civil Code § 3287 and/or § 3288 and/or any other provision of law providing for prejudgment interest.

19.   As a proximate result of the wrongful acts of Defendants, Plaintiff has suffered and continues to suffer emotional distress, humiliation, mental anguish and embarrassment, as well as the manifestation of physical symptoms. Plaintiff is informed and believes, and thereupon alleges, that he will continue to experience said physical and emotional suffering for a period in the future not presently ascertainable, all in an amount subject to proof at the time of trial.

20.   As a proximate result of the wrongful acts of Defendants, Plaintiff has been forced to hire attorneys to prosecute his claims herein, and has incurred and is expected to continue to incur attorneys' fees and costs in connection therewith. Plaintiff is entitled to recover attorneys' fees and costs under California Government Code §12965(b).

21.   The actions taken against Plaintiff were carried out and ratified by officers and managers of Defendant. In addition, Defendant had in place policies and procedures that

4

**COMPLAINT FOR DAMAGES**

1  specifically prohibited discrimination based on a disability/medical condition and required

2  Defendant's managers, officers, and agents to prevent disability/medical condition

3  discrimination. However, Defendants chose to consciously and willfully ignore said policies and

4  procedures and therefore, their outrageous conduct was fraudulent, malicious, oppressive, and

5  was done in wanton disregard for the rights of Plaintiff and the rights and duties owed by each

6  Defendant to Plaintiff. Each Defendant aided, abetted, participated in, authorized, ratified, and/or

7  conspired to engage in the wrongful conduct alleged above. Plaintiff should, therefore, be

8  awarded exemplary and punitive damages against each Defendant in an amount to be established

9  that is appropriate to punish each Defendant and deter others from engaging in such conduct in

10  the future.

## SECOND CAUSE OF ACTION

### RETALIATION IN VIOLATION OF THE FEHA

### (Against ALL Defendants)

14  22.   Plaintiff restates and incorporates by this reference as if fully set forth herein

15  paragraphs 1 through 21 of this Complaint.

16  23.   At all times herein mentioned, the FEHA was in full force and effect and were

17  binding on Defendants, as Defendant regularly employed five or more persons. The FEHA

18  makes it unlawful for any person to retaliate against an employee who has disclosed a disability

19  and/or requested reasonable accommodation.

20  24.   Defendants' conduct as alleged above constituted unlawful retaliation in violation of

21  the FEHA.

22  25.   As a proximate result of the aforesaid acts of Defendants, Plaintiff has suffered

23  actual, consequential and incidental financial losses, including without limitation, loss of salary

24  and benefits, and the intangible loss of employment related opportunities in his field and damage

25  to his professional reputation, all in an amount subject to proof at the time of trial.  Plaintiff

26  claims such amounts as damages pursuant to California Government Code § 3287 and/or § 3288

27  and/or any other provision of law providing for prejudgment interest.

28  26.   As a proximate result of the wrongful acts of Defendants, Plaintiff has suffered and

5

**COMPLAINT FOR DAMAGES**

B&G|BROCK&
GONZALES

1    continues to suffer emotional distress, humiliation, mental anguish and embarrassment, as well

2    as the manifestation of physical symptoms.  Plaintiff is informed and believes and thereupon

3    alleges that he will continue to experience said physical and emotional suffering for a period in

4    the future not presently ascertainable, all in an amount subject to proof at the time of trial.

5        27.   As a proximate result of the wrongful acts of Defendants, Plaintiff has been forced

6    to hire attorneys to prosecute his claims herein, and has incurred and is expected to continue to

7    incur attorneys' fees and costs in connection therewith.  Plaintiff is entitled to recover attorneys'

8    fees and costs under California Government Code § 12965(b).

9        28.   The actions taken against Plaintiff were carried out and ratified by officers and

10   managers of Defendants. In addition, Defendant had in place policies and procedures that

11   specifically prohibited retaliation and required Defendant's managers, officers, and agents to

12   prevent retaliation.  However, Defendants chose to consciously and willfully ignore said policies

13   and procedures and therefore, their outrageous conduct was fraudulent, malicious, oppressive,

14   and was done in wanton disregard for the rights of Plaintiff and the rights and duties owed by

15   each Defendant to Plaintiff.  Each Defendant aided, abetted, participated in, authorized, ratified,

16   and/or conspired to engage in the wrongful conduct alleged above.  Plaintiff should, therefore, be

17   awarded exemplary and punitive damages against each Defendant in an amount to be established

18   that is appropriate to punish each Defendant and deter others from engaging in such conduct in

19   the future.

20   **THIRD CAUSE OF ACTION**

21   **FAILURE TO PREVENT IN VIOLATION OF THE FEHA**

22   **(Against ALL Defendants)**

23       29.   Plaintiff restates and incorporates by this reference as if fully set forth herein

24   paragraphs 1 through 28 of this Complaint.

25       30.   At all times mentioned herein, California Government Code Sections 12940, et seq.,

26   including but not limited to Sections 12940 (j) and (k), were in full force and effect and were

27   binding upon Defendants and each of them.  These sections impose on an employer a duty to

28   take immediate and appropriate corrective action to end discrimination and retaliation and take

6

**COMPLAINT FOR DAMAGES**

1   all reasonable steps necessary to prevent discrimination and retaliation from occurring.

2       31.   Defendants failed to take immediate and appropriate corrective action to end the
3   discrimination and retaliation.

4       32.   In failing and/or refusing to take immediate and appropriate corrective action to end
5   the harassment, discrimination and retaliation, and in failing and/or refusing to take and or all
6   reasonable steps necessary to prevent discrimination and retaliation from occurring, Defendants
7   violated California Government Code § 12940 (j) and (k), causing Plaintiff to suffer damages as
8   set forth above.

9       33.   As a proximate result of the aforesaid acts of Defendants, and each of them, Plaintiff
10  has suffered actual, consequential and incidental financial losses, including without limitation,
11  loss of salary and benefits, and the intangible loss of employment related opportunities in his
12  field and damage to his professional reputation, all in an amount subject to proof at the time of
13  trial. Plaintiff claims such amounts as damages pursuant to Civil Code § 3287 and/or § 3288
14  and/or any other provision of law providing for prejudgment interest.

15      34.   As a proximate result of the wrongful acts of Defendants, and each of them, Plaintiff
16  has suffered and continues to suffer emotional distress, humiliation, mental anguish and
17  embarrassment, as well as the manifestation of physical symptoms. Plaintiff is informed and
18  believes and thereupon alleges that he will continue to experience said physical and emotional
19  suffering for a period in the future not presently ascertainable, all in an amount subject to proof
20  at the time of trial.

21      35.   As a proximate result of the wrongful acts of Defendants, Plaintiff has been forced
22  to hire attorneys to prosecute his claims herein, and has incurred and is expected to continue to
23  incur attorneys' fees and costs in connection therewith. Plaintiff is entitled to recover attorneys'
24  fees and costs under California Government Code § 12965(b).

25      36.   The actions taken against Plaintiff were carried out and ratified by officers and
26  managers of Defendants. In addition, Defendant had in place policies and procedures to prevent
27  discrimination and retaliation. However, Defendants chose to consciously and willfully ignore
28  said policies and procedures and therefore, their outrageous conduct was fraudulent, malicious,

**COMPLAINT FOR DAMAGES**

B&G BROCK & GONZALES

1  oppressive, and was done in wanton disregard for the rights of Plaintiff and the rights and duties

2  owed by each Defendant to Plaintiff. Each Defendant aided, abetted, participated in, authorized,

3  ratified, and/or conspired to engage in the wrongful conduct alleged above. Plaintiff should,

4  therefore, be awarded exemplary and punitive damages against each Defendant in an amount to

5  be established that is appropriate to punish each Defendant and deter others from engaging in

6  such conduct in the future.

7  **FOURTH CAUSE OF ACTION**

8  **VIOLATION OF CALIFORNIA LABOR CODE SECTIONS 1019.1 and 98.6**

9  **(Against ALL Defendants)**

10  37.   Plaintiff restates and incorporates by this reference as if fully set forth herein

11  paragraphs 1 through 36 of this Complaint.

12  38.   At all times mentioned herein California <u>Labor Code</u> § 1019.1 was in full force and

13  effect, and were binding on Defendants, and each of them.

14  39.   California <u>Labor Code</u> § 1019.1 prohibits an employer to request more or different

15  work authorization documents than required by federal law, refuse to accept work authorization

16  documents that reasonably appear to be genuine on their face, refuse to honor documents or work

17  authorization based on the specific status or term of status that accompanies the authorization to

18  work, or attempt to reinvestigate or reverify a current employee's authorization to work using an

19  unfair immigration-related practice.

20  40.   Defendant violated California <u>Labor Code</u> § 1019.1.

21  41.   As a proximate result of the aforesaid acts of Defendants and each of them, Plaintiff

22  has lost, and will continue to lose, earnings and fringe benefits and has suffered and/or will suffer

23  other actual, consequential and incidental financial losses, in an amount to be proven at trial in

24  excess of the jurisdictional minimum of this court. Plaintiff claims such amounts as damages

25  together with prejudgment interest pursuant to <u>Civil Code</u> section 3287 and/or section 3288

26  and/or any other provision of law providing for prejudgment interest.

27  42.   As a proximate result of the aforesaid acts of Defendants and each of them, Plaintiff

28  has become mentally upset, distressed, embarrassed, humiliated, and aggravated. Plaintiff claims

8

**COMPLAINT FOR DAMAGES**

B&G BROCK & GONZALES

1  general damages for such mental and physical distress and aggravation in a sum in excess of the

2  jurisdictional minimum of this court.

3    43.    Because the acts taken toward Plaintiff were carried out by Plaintiff's supervisors,

4  who was a managerial employee acting in a deliberate, cold, callous, cruel and intentional

5  manner, in conscious disregard of Plaintiff's rights and in order to injure and damage him,

6  Plaintiff requests that punitive damages be levied against Defendants and each of them, in sums

7  in excess of the jurisdictional minimum of this court.

8    44.    Further, Defendant is liable for a civil penalty of ten thousand dollars ($10,000),

9  pursuant to California Labor Code § 1019.1(b)(3)

10   45.    Furthermore, at all times mentioned herein California Labor Code § 98.6 was in full

11  force and effect, and were binding on Defendants, and each of them.

12   46.    California Labor Code § 98.6(a) prohibits and employer from discharging or in any

13  manner discriminate, retaliate, or take any adverse action against any employee or applicant for

14  employment because the employee or applicant engaged in any conduct delineated in certain

15  sections of the Labor Code, including California Labor Code § 1019.1.

16   47.    Defendant violated California Labor Code § 98.6.

17   48.    As a result, Plaintiff entitled to reinstatement and reimbursement for lost wages and

18  work benefits caused Defendant, pursuant to California Labor Code § 98.6(b)(1).

19   49.    In addition, Defendant is liable for a civil penalty of ten thousand dollars ($10,000),

20  pursuant to California Labor Code § 98.6(b)(3).

21                    **FIFTH CAUSE OF ACTION**

22       **WRONGFUL TERMINATION IN VIOLATION OF PUBLIC POLICY**

23                       **(Against ALL Defendants)**

24   50.    Plaintiff restates and incorporates by this reference as if fully set forth herein

25  paragraphs 1 through 49 of this Complaint.

26   51.    The FEHA and California Labor Code §§ 1019.1 and 98.6 reflect public policies of

27  the State of California, which are designed to protect all employees and to promote the welfare

28  and well-being of the community at large. Accordingly, the actions of Defendants, and each of

9

**COMPLAINT FOR DAMAGES**

1  them, in terminating Plaintiff on the grounds alleged and described herein were wrongful and in
2  contravention of express public policies of the State of California and the laws and regulations
3  promulgated thereunder.

4      52.   As a proximate result of the aforesaid acts of Defendants, and each of them, Plaintiff
5  has suffered actual, consequential and incidental financial losses, including without limitation,
6  loss of salary and benefits, and the intangible loss of employment related opportunities in his
7  field and damage to his professional reputation, all in an amount subject to proof at the time of
8  trial. Plaintiff claims such amounts as damages pursuant to Civil Code § 3287 and/or § 3288
9  and/or any other provision of law providing for prejudgment interest.

10     53.   The actions taken against Plaintiff were carried out and ratified by officers and
11  managers of Defendants. In addition, Defendant had in place policies and procedures that
12  specifically prohibited discrimination and retaliation based on a disability and required
13  Defendant's managers, officers, and agents to prevent discrimination and retaliation against and
14  upon employees of Defendant. However, Defendants chose to consciously and willfully ignore
15  said policies and procedures and therefore, their outrageous conduct was fraudulent, malicious,
16  oppressive, and was done in wanton disregard for the rights of Plaintiff and the rights and duties
17  owed by each Defendant to Plaintiff. Each Defendant aided, abetted, participated in, authorized,
18  ratified, and/or conspired to engage in the wrongful conduct alleged above. Plaintiff should,
19  therefore, be awarded exemplary and punitive damages against each Defendant in an amount to
20  be established that is appropriate to punish each Defendant and deter others from engaging in
21  such conduct in the future.

22  ///
23  ///
24  ///
25  ///
26  ///
27  ///
28  ///

10
**COMPLAINT FOR DAMAGES**

1    **WHEREFORE, Plaintiff prays for judgment as follows:**

2        1.  For general damages in an amount within the jurisdictional limits of this Court;

3        2.  For special damages, according to proof;

4        3.  For punitive damages;

5        4.  For medical expenses and related items of expense, according to proof;

6        5.  For loss of earnings, according to proof;

7        6.  For attorney's fees, according to proof;

8        7.  For prejudgment interest, according to proof;

9        8.  For costs of suit incurred herein;

10       9.  For civil penalties;

11       10. For declaratory relief;

12       11. For injunctive relief; and

13       12. For such other relief and the Court may deem just and proper.

14

15                           **DEMAND FOR JURY TRIAL**

16   Plaintiff hereby demands a trial by jury.

17

18

19   DATED:    March 4, 2022                    BROCK & GONZALES, LLP

20

21

22                                     By:

23                                          D. AARON BROCK

24                                          Attorneys for Plaintiff

25

26

27

28
                                          11
                              **COMPLAINT FOR DAMAGES**

# EXHIBIT 5

22CV395674

Case 5:22-cv-02822-EJD Document 1-2 Filed 05/12/22 Page 21 of 79

Santa Clara – Civil

R. Fleming

| | |
|---|---|
| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address)*:<br>_ D. Aaron Brock, Esq. \| SBN: 241919<br>BROCK & GONZALES LLP<br>6701 Center Drive West Ste 610   Los Angeles, CA 90045<br><br>TELEPHONE NO.: (310) 694-3590 \| FAX NO. (310) 961-3673 \| E-MAIL ADDRESS ab@brockgonzales.com<br>ATTORNEY FOR *(Name):* Plaintiff | *FOR COURT USE ONLY*<br><br>**Electronically Filed<br>by Superior Court of CA,<br>County of Santa Clara,<br>on 4/14/2022 5:26 PM<br>Reviewed By: R. Fleming<br>Case #22CV395674<br>Envelope: 8756403** |

| | |
|---|---|
| **SANTA CLARA COUNTY SUPERIOR COURT**<br>STREET ADDRESS: 191 N First Street<br>CITY AND ZIP CODE: San Jose, CA 95113<br>BRANCH NAME: | |

| | |
|---|---|
| PLAINTIFF/PETITIONER: Matthew Doherty, an Individual<br>DEFENDANT/RESPONDENT: ASSURION UBIF FRANCHISE LLC, a Delaware Limited Liability Company | CASE NUMBER:<br>22CV395674 |

| | |
|---|---|
| **PROOF OF SERVICE OF SUMMONS** | Ref. No. or File No.:<br>Matthew Doherty v. Assurion |

*(Separate proof of service is required for each party served.)*

1. At the time of service I was at least 18 years of age and not a party to this action.

2. I served copies of:
   a. ☑ Summons
   b. ☑ Complaint
   c. ☐ Alternative Dispute Resolution (ADR) package
   d. ☑ Civil Case Cover Sheet
   e. ☐ Cross-Complaint
   f. ☑ other *(specify documents):* **Civil Lawsuit Notice**

3. a. Party served *(specify name of party as shown on documents served):*
   **ASSURION UBIF FRANCHISE LLC, A DELAWARE LIMITED LIABILITY COMPANY**

   b. ☑ Person (other than the party in item 3a) served on behalf of an entity or as an authorized agent (and not a person under item 5b on whom substituted service was made) *(specify name and relationship to the party named in item 3a):*
   **CT Corporation System, Registered Agent, by Serving Sarai M. - Authorized Agent**
   **Age: 31-35 | Weight: | Hair: Black | Sex: Female | Height: 5'7 - 6'0 | Eyes: Green | Race: Latino**

4. Address where the party was served:   **330 N Brand Blvd Ste 700**
   **Glendale, CA 91203-2336**

5. I served the party *(check proper box)*
   a. ☑ **by personal service.**   I personally delivered the documents listed in item 2 to the party or person authorized to receive service of process for the party (1) on *(date):* **4/13/2022**   (2) at *(time):* **12:30 PM**

   b. ☐ **by substituted service.** On *(date):*   at *(time):*   I left the documents listed in item 2 with or in the presence of *(name and title or relationship to person indicated in item 3b):*

   (1) ☐ **(business)** a person at least 18 years of age apparently in charge at the office or usual place of business of the person to be served.  I informed him of her of the general nature of the papers.

   (2) ☐ **(home)** a competent member of the household (at least 18 years of age) at the dwelling house or usual place of abode of the party.  I informed him or her of the general nature of the papers.

   (3) ☐ **(physical address unknown)** a person at least 18 years of age apparently in charge at the usual mailing address of the person to be served, other than a United States Postal Service post office box.  I informed him of her of the general nature of the papers.

   (4) ☐ I thereafter mailed (by first-class, postage prepaid) copies of the documents to the person to be served at the place where the copies were left (Code Civ. Proc., §415.20). I mailed the documents on
   *(date):*   from *(city):*   **or** ☐ a declaration of mailing is attached.

   (5) ☐ I attach a **declaration of diligence** stating actions taken first to attempt personal service.

Page 1 of 2

| PETITIONER: Matthew Doherty; an individual | CASE NUMBER: |
|---|---|
| RESPONDENT: ASSURION UBIF FRANCHISE LLC, a Delaware Limited Liability Company | 22CV395674 |

c. ☐ **by mail and acknowledgment of receipt of service.** I mailed the documents listed in item 2 to the party, to the address shown in item 4, by first-class mail, postage prepaid,

    (1) on *(date):*                                 (2) from *(city):*

    (3) ☐ with two copies of the *Notice and Acknowledgment of Receipt* and a postage-paid return envelope addressed to me. *(Attach completed Notice and Acknowledgment of Receipt.)* (Code Civ. Proc., § 415.30.)

    (4) ☐ to an address outside California with return receipt requested. (Code Civ. Proc., § 415.40.)

d. ☐ **by other means** *(specify means of service and authorizing code section):*

    ☐ Additional page describing service is attached.

6. The "Notice to the Person Served" (on the summons) was completed as follows:

a. ☐ as an individual defendant.

b. ☐ as the person sued under the fictitious name of *(specify):*

c. ☐ as occupant.

d. ☑ On behalf of **ASSURION UBIF FRANCHISE LLC, a Delaware Limited Liability Company**
    under the following Code of Civil Procedure section:

| | |
|---|---|
| ☐ 416.10 (corporation) | ☐ 415.95 (business organization, form unknown) |
| ☐ 416.20 (defunct corporation) | ☐ 416.60 (minor) |
| ☐ 416.30 (joint stock company/association) | ☐ 416.70 (ward or conservatee) |
| ☐ 416.40 (association or partnership) | ☐ 416.90 (authorized person) |
| ☐ 416.50 (public entity) | ☐ 415.46 (occupant) |
| | ☑ other: **Limited Liability Company** |

7. **Person who served papers**

  a. Name: **Dion Jones - Nationwide Legal, LLC REG: 12-234648**

  b. Address: **1609 James M Wood Blvd.  Los Angeles, CA 90015**

  c. Telephone number: **(213) 249-9999**

  d. **The fee** for service was: **$ 122.75**

  e. I am:

    (1) ☐ not a registered California process server.

    (2) ☐ exempt from registration under Business and Professions Code section 22350(b).

    (3) ☑ registered California process server:

      (i) ☐ owner   ☐ employee   ☑ independent contractor.

      (ii) Registration No.: **2013128925**

      (iii) County: **Los Angeles**

8. ☑ **I declare** under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

    or

9. ☐ **I am a California sheriff or marshal and** I certify that the foregoing is true and correct.

Date: **4/13/2022**

**N** **Nationwide Legal, LLC**
**1609 James M Wood Blvd.**
**Los Angeles, CA 90015**
**(213) 249-9999**
**www.nationwideasap.com**

_____
**Dion Jones**         ▶
(NAME OF PERSON WHO SERVED PAPERS/SHERIFF OR MARSHAL)

# EXHIBIT 6

**Secretary of State**
**Statement of Information**
(Limited Liability Company)

**LLC-12**

21-G09270

# FILED

In the office of the Secretary of State
of the State of California

NOV 18, 2021

**IMPORTANT** — Read instructions before completing this form.

**Filing Fee – $20.00**

**Copy Fees** – First page $1.00; each attachment page $0.50;
Certification Fee - $5.00 plus copy fees

**This Space For Office Use Only**

**1. Limited Liability Company Name** (Enter the exact name of the LLC. If you registered in California using an alternate name, see instructions.)

ASURION UBIF FRANCHISE, LLC

| 2. 12-Digit Secretary of State File Number | 3. State, Foreign Country or Place of Organization (only if formed outside of California) |
|---|---|
| 202018210818 | DELAWARE |

**4. Business Addresses**

| | City (no abbreviations) | State | Zip Code |
|---|---|---|---|
| a. Street Address of Principal Office - Do not list a P.O. Box<br>140 11 Ave. N | Nashville | TN | 37203 |
| b. Mailing Address of LLC, **if different than item 4a**<br>140 11 Ave. N | Nashville | TN | 37203 |
| c. Street Address of **California** Office, if Item 4a is not in California - Do not list a P.O. Box | City (no abbreviations) | CA | |

**5. Manager(s) or Member(s)**

If no **managers** have been appointed or elected, provide the name and address of each **member**. At least one name **and** address must be listed. If the manager/member is an individual, complete Items 5a and 5c (leave Item 5b blank). If the manager/member is an entity, complete Items 5b and 5c (leave Item 5a blank). Note: The LLC cannot serve as its own manager or member. If the LLC has additional managers/members, enter the name(s) and addresses on Form LLC-12A (see instructions).

| a. First Name, if an individual - Do not complete Item 5b | Middle Name | Last Name | Suffix |
|---|---|---|---|
| | | | |

b. Entity Name - Do not complete Item 5a
Roger A. Detter

| c. Address | City (no abbreviations) | State | Zip Code |
|---|---|---|---|
| 160 BOVET RD STE 402 | SAN MATEO | CA | 94402 |

**6. Service of Process** (Must provide either Individual OR Corporation.)

**INDIVIDUAL** – Complete Items 6a and 6b only. Must include agent's full name and California street address.

| a. California Agent's First Name (if agent is **not** a corporation) | Middle Name | Last Name | Suffix |
|---|---|---|---|
| | | | |

| b. Street Address (if agent is **not** a corporation) - **Do not enter a P.O. Box** | City (no abbreviations) | State | Zip Code |
|---|---|---|---|
| | | CA | |

**CORPORATION** – Complete Item 6c only. Only include the name of the registered agent.

c. California Registered Corporate Agent's Name (if agent is a corporation) – Do not complete Item 6a or 6b
NATIONAL REGISTERED AGENTS, INC. (C1941323)

**7. Type of Business**

a. Describe the type of business or services of the Limited Liability Company
Performs Repairs and Services

**8. Chief Executive Officer, if elected or appointed**

| a. First Name | Middle Name | Last Name | Suffix |
|---|---|---|---|
| Roger | A. | Detter | |

| b. Address | City (no abbreviations) | State | Zip Code |
|---|---|---|---|
| 160 Bovet Rd. Ste. 402 | SAN MATEO | CA | 94402 |

**9. The Information contained herein, including any attachments, is true and correct.**

| 11/18/2021 | Nikki Brown | | Supervisor | |
|---|---|---|---|---|
| Date | Type or Print Name of Person Completing the Form | | Title | Signature |

**Return Address (Optional)** (For communication from the Secretary of State related to this document, or if purchasing a copy of the filed document enter the name of a person or company and the mailing address. This information will become public when filed. SEE INSTRUCTIONS BEFORE COMPLETING.)

Name:

Company:

Address:

City/State/Zip:

**Attachment to**
**Statement of Information**
(Limited Liability Company)

**LLC-12A**
**Attachment**

21-G09270

**A.  Limited Liability Company Name**

ASURION UBIF FRANCHISE, LLC

This Space For Office Use Only

| **B.  12-Digit Secretary of State File Number** | **C.   State or Place of Organization** (only if formed outside of California) |
|---|---|
| 202018210818 | DELAWARE |

**D.  List of Additional Manager(s) or Member(s) -** If the manager/member is an individual, enter the individual's name and address.  If the manager/member is an entity, enter the entity's name and address.  Note:  The LLC cannot serve as its own manager or member.

| First Name | Middle Name | Last Name | Suffix |
|---|---|---|---|
| John | A. | Storey | |
| Entity Name | | | |
| Address | City (no abbreviations) | State | Zip Code |
| 140 11 Ave. N | Nashville | TN | 37203 |

| First Name | Middle Name | Last Name | Suffix |
|---|---|---|---|
| | | | |
| Entity Name | | | |
| Address | City (no abbreviations) | State | Zip Code |
| | | | |

| First Name | Middle Name | Last Name | Suffix |
|---|---|---|---|
| | | | |
| Entity Name | | | |
| Address | City (no abbreviations) | State | Zip Code |
| | | | |

| First Name | Middle Name | Last Name | Suffix |
|---|---|---|---|
| | | | |
| Entity Name | | | |
| Address | City (no abbreviations) | State | Zip Code |
| | | | |

| First Name | Middle Name | Last Name | Suffix |
|---|---|---|---|
| | | | |
| Entity Name | | | |
| Address | City (no abbreviations) | State | Zip Code |
| | | | |

| First Name | Middle Name | Last Name | Suffix |
|---|---|---|---|
| | | | |
| Entity Name | | | |
| Address | City (no abbreviations) | State | Zip Code |
| | | | |

| First Name | Middle Name | Last Name | Suffix |
|---|---|---|---|
| | | | |
| Entity Name | | | |
| Address | City (no abbreviations) | State | Zip Code |
| | | | |

# EXHIBIT 7

**JML LAW**
A PROFESSIONAL LAW CORPORATION
21052 OXNARD STREET
WOODLAND HILLS, CALIFORNIA 91367
Tel: (818) 610-8800
Fax: (818) 610-3030

JOSEPH M. LOVRETOVICH, STATE BAR NO. 73403
JML@jmllaw.com
JARED W. BEILKE, STATE BAR NO. 195698
Jared@jmllaw.com
ANDREW S. PLETCHER, STATE BAR NO. 299437
Andrew@jmllaw.com

**Attorneys for Plaintiff**
CLINT MATKOVICH

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA OF CALIFORNIA

| | |
|---|---|
| CLINT MATKOVICH, an individual,<br><br>        Plaintiff,<br><br>vs.<br><br>COSTCO WHOLESALE CORPORATION, a Washington Corporation; and DOES 1-50, inclusive,<br><br>        Defendants. | Case No. LA CV 15-2057 JCG<br><br>**DECLARATION OF JOSEPH M. LOVRETOVICH IN SUPPORT OF PLAINTIFF'S MOTION FOR REASONABLE ATTORNEYS' FEES**<br><br>Complaint Filed: January 16, 2015<br>Trial Date: May 30, 2017<br><br>Date:      August 10, 2017<br>Time:     10:00 A.M.<br>Courtroom: 6A<br>Judge:   Hon. Jay C. Gandhi |

///
///
///
///
///
///

JML LAW
A Professional Law Corporation
21052 Oxnard Street
Woodland Hills, CA 91367
(818) 610-8800

1

**DECLARATION OF JOSEPH M. LOVRETOVICH IN SUPPORT OF PLAINTIFF'S MOTION FOR ATTORNEYS' FEES**

## DECLARATION OF JOSEPH M. LOVRETOVICH

I, Joseph M. Lovretovich, do hereby declare as follows:

1.      I am an attorney at law duly licensed to practice before all the Courts of the State of California, all of the United States District Courts in the State of California, and the Ninth Circuit Court of Appeals.  I am the principal shareholder in the firm of JML Law, A Professional Law Corporation, the attorneys of record for Plaintiff, CLINT MATKOVICH ("Plaintiff") herein.  As such, all facts stated herein are of my personal knowledge and belief, and if called upon to testify, I could and would competently testify thereto under oath.

2.      This Declaration is submitted in support of Plaintiff's Motion for Reasonable Attorneys' Fees.

3.      I have been practicing law continuously since I was licensed in 1976. I was principal counsel on *Colmenares v. Braemar Country Club* (2003) 29 Cal.4th 1019 130, a case decided by the California Supreme Court which substantially expanded the definition of disability in California.  I successfully argued the case of *Lee v. Vintage Petroleum* (2003) 106 Cal.App.4th 30, 129, in the Second District of the California Court of Appeal, which added substantial protections for the victims of racial prejudice.  I also argued *O'Hare v. Municipal Resource Consultants* (2003) 107 Cal.App.4th 267, which has further defined the rights of employees as parties to pre-employment mandatory arbitration agreements.

4.      I am a member of numerous professional legal associations, including the National Employment Lawyers Association ("NELA"), The California Employment Lawyers Association ("CELA"), the Los Angeles and Ventura County Bar Associations, and the Consumer Attorneys' Association of Los Angeles ("CAALA").

5.      I have been recognized and awarded the honor of being named as one of Southern California's Super Lawyers for eleven (11) years straight, from 2007 to 2017.  I have also achieved Martindale-Hubbell's AV Preeminent rating, as well

as AVVO's 10.0 "Superb" rating.

6.      My law firm practices almost exclusively employment law.  I estimate that over 90% of my cases are employment-related.

7.      With the exception of a few limited matters, my firm has a contingency-based practice. However, we are retained on an hourly basis in certain matters. We set our rates in all matters (contingent and retained) to be comparable with those of private defense firms that litigate complex matters in our areas of expertise. We regularly litigate cases with attorneys across the state of California and regularly discuss hourly rates with those attorneys, as well as with attorneys with whom we participate in statewide conferences, including for CELA, CAOC, CAALA, etc. In setting hourly rates and providing opinions regarding them in conjunction with declarations such as this one, I routinely independently research the billing rates of defense attorneys. I refer to fee claims by defense counsel, I have conversations with top defense counsel and refer to journals and outside sources that collect such information. Thus, our attorneys' hourly rates are comparable with those of firms such as Loeb & Loeb, Skadden Arps, Lieff Cabraser, and Kirkland & Ellis, whose litigation departments often defend the types of cases my office brings.

8.      The current prevailing billing or "market" rates for attorneys practicing employment law in the Los Angeles area range from $375 to $800 per hour.  I have been practicing law for about 40 years and presently bill my time at the rate of $750.00 per hour.

9.      For this case, I billed my time at $750.00 per hour.

10.      In reviewing my billing records, I spent 136.40 hours related to this matter and the records attached to this declaration depict the categories of and exact hours of attorney work performed by me in connection with this case.  In total, my time spent on this case equates to $102,300.00 in attorneys' fees, which is calculated as follows: (136.40 hours × $750/hr = $102,300.00).  Attached as

3

**DECLARATION OF JOSEPH M. LOVRETOVICH IN SUPPORT OF
PLAINTIFF'S MOTION FOR ATTORNEYS' FEES**

**Exhibit A** to this Declaration is a true and correct copy of the report of time spent by me at my firm during the relevant period in connection with the underlying lawsuit and the instant fee motion.

11.    In representing Plaintiff in this matter, Clint Matkovich, the risk assumed by my law firm was compounded by the fact that this case was taken on a contingency basis; Matkovich did not pay attorneys a fee of any kind.  Because of the significant volume of case law surrounding employment law claims and the complexity of discrimination cases, there is a dearth of competent counsel available to represent discrimination plaintiffs on a contingency basis.  Most individuals could not afford to retain an attorney if they were required to pay on an hourly basis.  Therefore, the financial risks my law firm took on were substantial.

12.    Further, employment lawsuits serve a significant public benefit, *i.e.*, the eradication of discrimination in the workplace.  Based on my extensive experience in the field, employment cases are risky and expensive to litigate by nature. Recovery is never assured. Cases often take years to resolve, and my clients are invariably unable to pay my legal fees and costs.

13.    My firm has had a commitment to low wage workers.  While many employment firms only take cases with high wage earners.  I personally believe it is low wage workers who are in most need of representation and therefore will take meritorious cases for such people.  In particular Mr. Matkovich was only a part time worker so his wage loss is smaller than most cases of this type.  Nevertheless, I took on his case because I believed that he was entitled to have his rights vindicated.  In addition, it is my policy to seriously attempt to resolve cases by way of settlement.  I feel it is in the best interests of my clients to resolve cases in this matter.  That was true in this case.  However, Costco has a policy of not seriously negotiating such resolution.  In particular in this case, we were ordered to alternative dispute resolution and went to Michael Latin, (Judge Ret.) for a full day mediation at ADR services.  While we went to that mediation in good faith, Costco

**DECLARATION OF JOSEPH M. LOVRETOVICH IN SUPPORT OF PLAINTIFF'S MOTION FOR ATTORNEYS' FEES**

JML LAW
A Professional Law Corporation
21052 Oxnard Street
Woodland Hills, CA 91367
(818) 610-8800

1  at the very beginning advised Judge Latin that they did not intend to offer any

2  money to settle this case.  Therefore the mediation ended within two hours.  There

3  was never an offer by Costco.  There was never an offer in response to our attempt

4  to resolve the matters.  As a result, it is entirely appropriate and indeed necessary

5  for a multiplier to be applied in employment discrimination and retaliation actions

6  such as the case at bar, in order to attract competent counsel to accept these types

7  of cases.  Courts have found contingent risk multipliers of 2.0-3.0 to be reasonable.

8

9  <u>EXPERIENCE AND HOURLY RATE OF FORMER LITIGATION PARTNER</u>

10  <u>AT JML LAW, APLC, D. AARON BROCK</u>

11       14.    D. Aaron Brock ("Mr. Brock") graduated from Loyola Marymount

12  University in 2002 and Loyola Law School in 2005. While at Loyola, he was an

13  extern with the Honorable R. Gary Klausner in the United States Federal District

14  Court, a member on the nationally ranked Byrne Trial Advocacy Team, a staffer on

15  Loyola of Los Angeles International and Comparative Law Review, Captain of

16  Loyola Marymount's intercollege debate team, Vice-President of the Loyola

17  Marymount student body and Chair of the Student Senate.

18       15.    Upon passing the bar exam in 2005, I asked Mr. Brock if he would

19  come and work for me at JML Law as an associate attorney.  During his initial

20  employment with me, he was responsible for the day-to-day litigation of

21  approximately 50 employment law cases and up until he left the firm in 2008, he

22  represented hundreds of employees in a range of employment disputes with their

23  employers.  Unfortunately, in 2009, Mr. Brock left JML Law to join another

24  plaintiff's civil litigation firm in Los Angeles, California.  However, in late 2012, I

25  approached Mr. Brock to return to JML Law in a senior attorney role, and to start a

26  personal injury department.  He accepted my offer and became a partner at JML

27  Law in 2013.  In mid-2016, Mr. Brock left my firm to start Brock & Gonzalez,

28  LLP, a plaintiff's employment and personal injury law firm.

JML LAW
A Professional Law Corporation
21052 Oxnard Street
Woodland Hills, CA 91367
(818) 610-8800

5

JML LAW
A Professional Law Corporation
21052 Oxnard Street
Woodland Hills, CA 91367
(818) 610-8800

16.     Mr. Brock's legal career has been devoted to representing individuals with claims for discrimination, harassment, wrongful termination, breach of contract, defamation, assault, battery, intentional infliction of emotional distress, fraud, wage and hour violations, intentional interference with prospective economic advantage, as well as defending clients when they have been sued for claims such as defamation, conversion, and fraud.

17.     In 2015 and 2016, Mr. Brock's correct billing rate – the actual rate JML Law charged clients when retained or consulted on an hourly basis—was $600.00 per hour. This was the actual rate my firm would bill Mr. Brock's time to clients when he was retained on an hourly basis to handle employment-related issues, such as engaging in settlement negotiations, negotiating severance agreements, reviewing settlement agreements, or representing clients at administrative hearings, as well as when retained to defend a client against claims brought against them by their former employers (in situations where the client does not have any employment claims against the former employer).

18.     For this case, Mr. Brock was billing at $600.00 per hour.  In total, Mr. Brock spent 44.75 hours related to this matter and the records attached to this declaration depict the categories of and exact hours of attorney work performed by him in connection with this case.  In total, Mr. Brock's time spent on this case equates to $26,850.00 in attorneys' fees, which is calculated as follows: (44.75 hours × $600/hr = $26,850). Attached as **Exhibit B** to this Declaration is a true and correct copy of the report of time spent by Mr. Brock at JML Law during the relevant period in connection with the underlying lawsuit.

EXPERIENCE AND HOURLY RATE OF FORMER LITIGATION ASSOCIATE AT JML LAW, APLC, CHRISTOPHER P. BRANDES

19.     Christopher P. Brandes ("Mr. Brandes") is a former associate for JML Law who was responsible for managing the day-to-day litigation in over fifty filed

DECLARATION OF JOSEPH M. LOVRETOVICH IN SUPPORT OF PLAINTIFF'S MOTION FOR ATTORNEYS' FEES

employment-related cases.  As a Spanish-speaker, I assigned Mr. Brandes with representing almost all of my law firm's clients who predominantly speak Spanish. Up until early 2017, when Mr. Brandes left JML Law, he was the main associate assigned to handle the litigation of this lawsuit, and during that time worked under the supervision of two of the partners of JML Law (Jared W. Beilke and D. Aaron Brock) and myself.  Mr. Brandes is currently an associate at Brock & Gonzalez, LLP, a plaintiff's employment and personal injury law firm.

20.     It is my opinion that Mr. Brandes' legal career has been devoted to representing individuals with claims for discrimination, harassment, wrongful termination, breach of contract, defamation, assault, battery, intentional infliction of emotional distress, fraud, wage and hour violations, intentional interference with prospective economic advantage, as well as defending clients when they have been sued for claims such as defamation, conversion, and fraud.

21.     From 2015-2017, Mr. Brandes' correct billing rate – the actual rate JML Law charged clients when retained or consulted on an hourly basis—was $350.00 per hour. This was the actual rate my firm would bill Mr. Brandes' time to clients when he was retained on an hourly basis to handle employment-related issues, such as engaging in settlement negotiations, negotiating severance agreements, reviewing settlement agreements, or representing clients at administrative hearings, as well as when retained to defend a client against claims brought against them by their former employers (in situations where the client does not have any employment claims against the former employer).

22.     For this case, Mr. Brandes was billing at $350.00 per hour.  In total, Mr. Brandes spent 112.85 hours related to this matter and the records attached to this declaration depict the categories of and exact hours of attorney work performed by him in connection with this case.  In total, Mr. Brandes' time spent on this case equates to $39,497.50 in attorneys' fees, which is calculated as follows: (112.85 hours × $350/hr = $39,497.50). Attached as **Exhibit C** to this

JML LAW
A Professional Law Corporation
21052 Oxnard Street
Woodland Hills, CA 91367
(818) 610-8800

**DECLARATION OF JOSEPH M. LOVRETOVICH IN SUPPORT OF PLAINTIFF'S MOTION FOR ATTORNEYS' FEES**

Declaration is a true and correct copy of the report of time spent by Mr. Brandes at JML Law during the relevant period in connection with the underlying lawsuit.

## EXPERIENCE AND HOURLY RATE OF LITGATION ASSOCIATE, KARINA GODOY

23. Karina Godoy ("Ms. Godoy") is a new associate for JML Law who replaced Christopher P. Brandes and is responsible for managing the day-to-day litigation in over fifty filed employment-related cases. She is a recent graduate of Southwestern Law School in Los Angeles and was the main associate assigned to handle the litigation of this lawsuit after Mr. Brandes left the firm in early 2017. Currently, Ms. Godoy works under the supervision of Jared W. Beilke and myself.

24. Ms. Godoy's correct billing rate – the actual rate JML Law charged clients when retained or consulted on an hourly basis—is $350.00 per hour. This was the actual rate my firm would bill Ms. Godoy's time to clients when he was retained on an hourly basis to handle employment-related issues, such as engaging in settlement negotiations, negotiating severance agreements, reviewing settlement agreements, or representing clients at administrative hearings, as well as when retained to defend a client against claims brought against them by their former employers (in situations where the client does not have any employment claims against the former employer).

25. For this case, Ms. Godoy was billing at $350.00 per hour. In total, Ms. Godoy spent 5.60 hours preparing and drafting the Proposed Findings of Fact and Conclusions of Law related to this matter and the records attached to this declaration depict the exact hours of attorney work performed by her in connection with this case. In total, Ms. Godoy's time spent on this case equates to $1,960.00 in attorneys' fees, which is calculated as follows: (5.60 hours × $350/hr = $1,960.00). Attached as **Exhibit D** to this Declaration is a true and correct copy of the report of time spent by Ms. Godoy at JML Law during the relevant period in

JML LAW
A Professional Law Corporation
21052 Oxnard Street
Woodland Hills, CA 91367
(818) 610-8800

**DECLARATION OF JOSEPH M. LOVRETOVICH IN SUPPORT OF PLAINTIFF'S MOTION FOR ATTORNEYS' FEES**

connection with the underlying lawsuit.

## EXPERIENCE AND HOURLY RATE OF LAW AND MOTION TEAM ASSOCIATE, ANDREW S. PLETCHER

26.     I hired Andrew S. Pletcher in Fall 2014, after he had taken the Bar Exam and was awaiting results.  One of the main reasons I chose to hire Mr. Pletcher for JML's Law and Motion Team was his strong writing sample (an amicus brief for the U.S. Supreme Court) and communication skills.  Initially, he was hired as a Law Clerk for the Law and Motion Team, however as soon as Mr. Pletcher passed the Bar Exam and was sworn in as an attorney, he worked as an Associate on the Law and Motion Team (from December 2014 to the present).

27.     Although initially Mr. Pletcher had little to no experience with employment law when JML Law hired him, he has proven to be a quick learner and has become quite well-versed in employment law.

28.     The other attorneys at JML Law often turn to Mr. Pletcher to conduct research for them, for advice on how to handle various matters that may require motion work, and for our input as to the likelihood of prevailing on various motions or oppositions.  Whereas those questions at one point were solely directed to Jennifer A. Lipski, the attorneys at our firm (including those more senior than Mr. Pletcher) now often also include Mr. Pletcher on those requests based upon his reliable research and analysis.

29.     On this case, Mr. Pletcher was the main associate assigned to handle the law and motion work, and during that time worked under the supervision of two of the partners of JML Law (Jared W. Beilke and D. Aaron Brock) and myself handling some of the "bigger" law and motion work, including the motion for summary judgment and motions in limine.

30.     Mr. Pletcher's time is currently billed at $350 per hour by JML Law. Based upon my knowledge of Mr. Pletcher's skill, experience, reputation and

JML LAW
A Professional Law Corporation
21052 Oxnard Street
Woodland Hills, CA 91367
(818) 610-8800

**DECLARATION OF JOSEPH M. LOVRETOVICH IN SUPPORT OF PLAINTIFF'S MOTION FOR ATTORNEYS' FEES**

abilities, and the prevailing market rates of attorneys of similar skill, experience, reputation and abilities for work of similar complexity, it is my opinion that this hourly rate is eminently reasonable. Based on my experience and practice of filing motions for attorneys' fees, as well as my knowledge from reviewing declarations of defense counsel on their motions for attorneys' fees and from reading judges' rulings and appellate opinions approving and affirming hourly rates of young associates on attorneys' fees motions, it is my opinion that Mr. Pletcher's hourly rate is well within the range that one would expect in the Los Angeles market.

I declare under the penalty of perjury under the laws of the United States of America that the foregoing is true and correct, and that this Declaration was executed on the 13th day of July, 2017 in Woodland Hills, California

By:     /s/ Joseph M. Lovretovich
        JOSEPH M. LOVRETOVICH, ESQ.
        Attorney for Plaintiff

**JML LAW**
A Professional Law Corporation
21052 Oxnard Street
Woodland Hills, CA 91367
(818) 610-8800

10

**DECLARATION OF JOSEPH M. LOVRETOVICH IN SUPPORT OF PLAINTIFF'S MOTION FOR ATTORNEYS' FEES**



# EXHIBIT A



# TimeKeeper Manager Report

| Date | Time | Case Name / Explanation | User | Hourly Rate | Hours | Amount | Task Code | Activity Code | Hours Worked | Billable Time | Billed | Billed Date |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 1/9/2015 | 7:33 PM | MATKOVICH v COSTCO<br>Review and redraft complaint | Joseph M. Lovretovich | $750.00 | 1 | $750.00 | | | 1 | ☐ | ☐ | |
| 1/10/2015 | 12:34 PM | MATKOVICH v COSTCO<br>Email discussing Causes of Action and Complaint | Joseph M. Lovretovich | $750.00 | 0.1 | $75.00 | | | | ☐ | ☐ | |
| 1/21/2015 | 10:07 PM | MATKOVICH v COSTCO<br>Letter re filing suit | Joseph M. Lovretovich | $750.00 | 0.2 | $150.00 | | | 0.2 | ☐ | ☐ | |
| 1/21/2015 | 12:36 PM | MATKOVICH v COSTCO<br>Email discussing case assignment of Judge | Joseph M. Lovretovich | $750.00 | 0.1 | $75.00 | | | | ☐ | ☐ | |
| 2/23/2015 | 7:41 PM | MATKOVICH v COSTCO<br>Consult with Aaron on statement of damages | Joseph M. Lovretovich | $750.00 | 0.5 | $375.00 | | | 0.5 | ☐ | ☐ | |
| 3/1/2015 | 10:16 PM | MATKOVICH v COSTCO<br>Discussion with client and preparation of responses to special interrogatories | Joseph M. Lovretovich | $750.00 | 3 | $2,250.00 | | | 3 | ☑ | ☐ | |
| 3/5/2015 | 7:53 PM | MATKOVICH v COSTCO<br>Review answer to complaint | Joseph M. Lovretovich | $750.00 | 0.5 | $375.00 | | | 0.5 | ☐ | ☐ | |
| 3/5/2015 | 10:09 PM | MATKOVICH v COSTCO<br>Letter from client re letter from Costco | Joseph M. Lovretovich | $750.00 | 0.1 | $75.00 | | | 0.1 | ☐ | ☐ | |
| 3/20/2015 | 7:41 PM | MATKOVICH v COSTCO<br>Review removal documents | Joseph M. Lovretovich | $750.00 | 1 | $750.00 | | | 1 | ☑ | ☐ | |

| Date | Time | Case Name Explanation | User | Hourly Rate | Hours | Amount | Task Code | Activity Code | Hours Worked | Billable Time | Billed | Billed Date |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 3/30/2015 | 8:?7 PM | MATKOVICH v COSTCO Reviewed defendant's supplemental disclosures | Joseph M. Lovretovich | $750.00 | 0.5 | $375.00 | | | 0.5 | ☐ | ☐ | |
| 4/20/2015 | 8:05 PM | MATKOVICH v COSTCO Review Rule 26 report | Joseph M. Lovretovich | $750.00 | 0.5 | $375.00 | | | 0.5 | ☐ | ☐ | |
| 4/27/2015 | 10:09 PM | MATKOVICH v COSTCO Review letter from Costco re leave of absence | Joseph M. Lovretovich | $750.00 | 0.1 | $75.00 | | | 0.1 | ☐ | ☐ | |
| 4/30/2015 | 8:06 PM | MATKOVICH v COSTCO Review Judge Olguin's order | Joseph M. Lovretovich | $750.00 | 0.5 | $375.00 | | | 0.5 | ☐ | ☐ | |
| 5/5/2015 | 5:10 PM | MATKOVICH v COSTCO Review initial disclosures decisions with Chris Brandes | Joseph M. Lovretovich | $750.00 | 0.5 | $375.00 | | | 0.5 | ☐ | ☐ | |
| 5/7/2015 | 8:07 PM | MATKOVICH v COSTCO Review initial disclosures | Joseph M. Lovretovich | $750.00 | 0.5 | $375.00 | | | 0.5 | ☐ | ☐ | |
| 5/27/2015 | 10:10 PM | MATKOVICH v COSTCO Review clients medical records | Joseph M. Lovretovich | $750.00 | 1 | $750.00 | | | 1 | ☐ | ☐ | |
| 6/30/2015 | 10:20 PM | MATKOVICH v COSTCO Review responses to production of documents by defendant | Joseph M. Lovretovich | $750.00 | 4 | $3,000.00 | | | 4 | ☒ | ☐ | |
| 9/14/2015 | 12:39 PM | MATKOVICH v COSTCO Email discussing MSJ Order | Joseph M. Lovretovich | $750.00 | 0.1 | $75.00 | | | | ☐ | ☐ | |
| 9/14/2015 | 12:39 PM | MATKOVICH v COSTCO Email discussing potential for bench trial | Joseph M. Lovretovich | $750.00 | 0.1 | $75.00 | | | | ☐ | ☐ | |

| Date | Time | Case Name / Explanation | User | Hourly Rate | Hours | Amount | Task Code | Activity Code | Hours Worked | Billable Time | Billed | Billed Date |
|------|------|--------------------------|------|------------|-------|--------|-----------|---------------|--------------|---------------|--------|-------------|
| 9/15/2015 | 10:12 PM | MATKOVICH v COSTCO<br>Review client documents | Joseph M. Lovretovich | $750.00 | 1 | $750.00 | | | 1 | ☐ | ☐ | |
| 9/16/2015 | 12:40 PM | MATKOVICH v COSTCO<br>Email discussing order re failure to accommodate | Joseph M. Lovretovich | $750.00 | 0.1 | $75.00 | | | | ☐ | ☐ | |
| 10/22/2015 | 10:13 PM | MATKOVICH v COSTCO<br>Review meet and confer letter from Sophia Kwan | Joseph M. Lovretovich | $750.00 | 1 | $750.00 | | | 1 | ☐ | ☐ | |
| 10/22/2015 | 12:37 PM | MATKOVICH v COSTCO<br>Email discussing mediators | Joseph M. Lovretovich | $750.00 | 0.1 | $75.00 | | | | ☐ | ☐ | |
| 12/2/2015 | 9:49 PM | MATKOVICH v COSTCO<br>Review defendant's objections to all depositions | Joseph M. Lovretovich | $750.00 | 1 | $750.00 | | | 1 | ☑ | ☐ | |
| 12/10/2015 | 8:18 PM | MATKOVICH v COSTCO<br>Meeting with Clint Matkovich re mediation | Joseph M. Lovretovich | $750.00 | 2 | $1,500.00 | | | 2 | ☐ | ☐ | |
| 12/13/2015 | 12:38 PM | MATKOVICH v COSTCO<br>Email discussing Mediation Brief | Joseph M. Lovretovich | $750.00 | 0.1 | $75.00 | | | | ☐ | ☐ | |
| 12/14/2015 | 8:19 PM | MATKOVICH v COSTCO<br>Review file and meeting with Chris Brandes re preparation for mediation | Joseph M. Lovretovich | $750.00 | 3 | $2,250.00 | | | 3 | ☑ | ☐ | |
| 12/15/2015 | 5:16 PM | MATKOVICH v COSTCO<br>Travel to and from and mediation session with Michael Latin | Joseph M. Lovretovich | $750.00 | 5 | $3,750.00 | | | 5 | ☑ | ☐ | |
| 12/21/2015 | 8:21 PM | MATKOVICH v COSTCO<br>Meeting with Chris Brandes and research re designation of experts | Joseph M. Lovretovich | $750.00 | 1 | $750.00 | | | 1 | ☑ | ☐ | |

| Date | Time | Case Name Explanation | User | Hourly Rate | Hours | Amount | Task Code | Activity Code | Hours Worked | Billable Time | Billed | Billed Date |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 12/22/2015 | 8:21 PM | MATKOVICH v COSTCO<br>Preparation of designation of experts | Joseph M. Lovretovich | $750.00 | 2 | $1,500.00 | | | 2 | ☑ | ☐ | |
| 3/12/2016 | 8:35 PM | MATKOVICH v COSTCO<br>Meeting with Christopher Brandes re witnesses that will be called at trial. | Joseph M. Lovretovich | $750.00 | 2 | $1,500.00 | | | 2 | ☑ | ☐ | |
| 3/15/2016 | 8:24 PM | MATKOVICH v COSTCO<br>Meeting with Brandes re jury instructions | Joseph M. Lovretovich | $750.00 | 1 | $750.00 | | | 1 | ☑ | ☐ | |
| 3/16/2016 | 8:33 PM | MATKOVICH v COSTCO<br>Review file re exhibits that will be used in trial; meeting with Brandes re exhibits and type of proof needed | Joseph M. Lovretovich | $750.00 | 4 | $3,000.00 | | | 4 | ☑ | ☐ | |
| 3/17/2016 | 8:26 PM | MATKOVICH v COSTCO<br>Review defense jury instructions and meeting with Brandes | Joseph M. Lovretovich | $750.00 | 1 | $750.00 | | | 1 | ☑ | ☐ | |
| 3/22/2016 | 8:31 PM | MATKOVICH v COSTCO<br>Meeting with Brandes and review of final draft of memo of contentions of law and fact | Joseph M. Lovretovich | $750.00 | 2 | $1,500.00 | | | 2 | ☑ | ☐ | |
| 3/31/2016 | 8:39 PM | MATKOVICH v COSTCO<br>Review case with Brandes re supplemental disclosures | Joseph M. Lovretovich | $750.00 | 0.5 | $375.00 | | | 0.5 | ☑ | ☐ | |
| 4/1/2016 | 8:36 PM | MATKOVICH v COSTCO<br>Meeting with Brandes re gardon variety stipulation | Joseph M. Lovretovich | $750.00 | 0.3 | $225.00 | | | 0.3 | ☑ | ☐ | |
| 4/5/2016 | 8:39 PM | MATKOVICH v COSTCO<br>Review defendant's witness list | Joseph M. Lovretovich | $750.00 | 1 | $750.00 | | | 1 | ☑ | ☐ | |
| 4/6/2016 | 8:40 PM | MATKOVICH v COSTCO<br>Review memo of contentions of law and fact | Joseph M. Lovretovich | $750.00 | 3 | $2,250.00 | | | 3 | ☑ | ☐ | |

| Date | Time | Case Name Explanation | User | Hourly Rate | Hours | Amount | Task Code | Activity Code | Hours Worked | Billable Time | Billed | Billed Date |
|------|------|----------------------|------|-------------|-------|--------|-----------|---------------|--------------|---------------|--------|-------------|
| 4/8/2016 | 8:41 PM | MATKOVICH v COSTCO<br>Review joint statement of the case | Joseph M. Lovretovich | $750.00 | 1 | $750.00 | | | 1 | ☑ | ☐ | |
| 4/8/2016 | 8:43 PM | MATKOVICH v COSTCO<br>Review joint jury instructions and review disputed instructions | Joseph M. Lovretovich | $750.00 | 2 | $1,500.00 | | | 2 | ☑ | ☐ | |
| 4/9/2016 | 8:42 PM | MATKOVICH v COSTCO<br>Review defendant's proposed voir dire | Joseph M. Lovretovich | $750.00 | 1 | $750.00 | | | 1 | ☑ | ☐ | |
| 6/12/2016 | 12:41 PM | MATKOVICH v COSTCO<br>Email discussing case ruling | Joseph M. Lovretovich | $750.00 | 0 | $0.00 | | | | ☐ | ☐ | |
| 2/21/2017 | 12:44 PM | MATKOVICH v COSTCO<br>Emails | Joseph M. Lovretovich | $750.00 | 0.1 | $75.00 | | | | ☐ | ☐ | |
| 2/6/2017 | 11:16 AM | MATKOVICH v COSTCO<br>Email discussing MSJ ORDER | Joseph M. Lovretovich | $750.00 | 3.5 | $2,625.00 | | | | ☐ | ☐ | |
| 2/27/2017 | 9:55 PM | MATKOVICH v COSTCO<br>Meeting with Chris Brandos re status of case and conference with call defense counsel and with Judge Gandhi | Joseph M. Lovretovich | $750.00 | 2 | $1,500.00 | | | 2 | ☐ | ☐ | |
| 5/7/2017 | 12:44 PM | MATKOVICH v COSTCO<br>Email discussing pre trial docs | Joseph M. Lovretovich | $750.00 | 0.1 | $75.00 | | | | ☐ | ☐ | |
| 5/9/2017 | 12:45 PM | MATKOVICH v COSTCO<br>Email discussing change in affirmative Defense | Joseph M. Lovretovich | $750.00 | 0.1 | $75.00 | | | | ☐ | ☐ | |
| 5/17/2017 | 12:46 PM | MATKOVICH v COSTCO<br>Email discussing WC Depo of PLTF | Joseph M. Lovretovich | $750.00 | 0.1 | $75.00 | | | | ☐ | ☐ | |

| Date | Time | Case Name Explanation | User | Hourly Rate | Hours | Amount | Task Code | Activity Code | Hours Worked | Billable Time | Billed | Billed Date |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 5/21/2017 | 12:56 PM | MATKOVICH v COSTCO Review Clint Matkovich Deposition trascript Vol 1 | Joseph M. Lovretovich | $750.00 | 1 | $750.00 | | | 1 | ☑ | ☐ | |
| 5/21/2017 | 12:57 PM | MATKOVICH v COSTCO Reviewed Clint Matkovich deposition vol 2 | Joseph M. Lovretovich | $750.00 | 1 | $750.00 | | | 1 | ☐ | ☐ | |
| 5/21/2017 | 12:57 PM | MATKOVICH v COSTCO Review Clint Matkovich Workers Compensation Deposition | Joseph M. Lovretovich | $750.00 | 1 | $750.00 | | | 1 | ☑ | ☐ | |
| 5/22/2017 | 12:58 PM | MATKOVICH v COSTCO Review Francis Parisi deposition transcript | Joseph M. Lovretovich | $750.00 | 1 | $750.00 | | | 1 | ☑ | ☐ | |
| 5/25/2017 | 12:58 PM | MATKOVICH v COSTCO Review deposition transcript for Rudy Garcia | Joseph M. Lovretovich | $750.00 | 2 | $1,500.00 | | | 2 | ☑ | ☐ | |
| 5/27/2017 | 12:59 PM | MATKOVICH v COSTCO Review all pleadings, prior court orders, discovery responses; prepare cross examination | Joseph M. Lovretovich | $750.00 | 8 | $6,000.00 | | | 8 | ☑ | ☐ | |
| 5/28/2017 | 1:01 PM | MATKOVICH v COSTCO Review file; prepare cross examination of Parisi; consultation with Jared re his examination of Matkovich; review all exhibits | Joseph M. Lovretovich | $750.00 | 8 | $6,000.00 | | | 8 | ☑ | ☐ | |
| 5/29/2017 | 1:02 PM | MATKOVICH v COSTCO Continued review of all exhibits; prepare cross examination to Rudy Garcia | Joseph M. Lovretovich | $750.00 | 8 | $6,000.00 | | | 8 | ☑ | ☐ | |
| 5/29/2017 | 12:47 PM | MATKOVICH v COSTCO Email discussing cross exam of Rudy Garcia | Joseph M. Lovretovich | $750.00 | 0.1 | $75.00 | | | | ☐ | ☐ | |
| 5/29/2017 | 12:48 PM | MATKOVICH v COSTCO Email discussing MSJ Ruling | Joseph M. Lovretovich | $750.00 | 0.1 | $75.00 | | | | ☐ | ☐ | |

| Date | Time | Case Name Explanation | User | Hourly Rate | Hours | Amount | Task Code | Activity Code | Hours Worked | Billable Time | Billed | Billed Date |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 5/29/2017 | 12:49 PM | MATKOVICH v COSTCO — Email discussing Rudy Garcia depo | Joseph M. Lovretovich | $750.00 | 0.1 | $75.00 | | | | | [ ] | |
| 5/30/2017 | 1:02 PM | MATKOVICH v COSTCO — Travel to and from and attendance at first day of trial. | Joseph M. Lovretovich | $750.00 | 12 | $9,000.00 | | | 12 | [ ] | [ ] | |
| 5/31/2017 | 1:03 PM | MATKOVICH v COSTCO — travel to and from trial and attendance at trial day 2 | Joseph M. Lovretovich | $750.00 | 12 | $9,000.00 | | | 12 | [✓] | [ ] | |
| 6/5/2017 | 9:39 PM | MATKOVICH v COSTCO — Research re mitigation of damages | Joseph M. Lovretovich | $750.00 | 2 | $1,500.00 | | | 2 | [✓] | [ ] | |
| 6/6/2017 | 9:38 PM | MATKOVICH v COSTCO — Review trial transcript | Joseph M. Lovretovich | $750.00 | 4 | $3,000.00 | | | 4 | [✓] | [ ] | |
| 6/7/2017 | 9:36 PM | MATKOVICH v COSTCO — Review file; review all exhibits; review Judge Olguin's order; draft closing argument | Joseph M. Lovretovich | $750.00 | 8 | $6,000.00 | | | 8 | [✓] | [ ] | |
| 6/8/2017 | 9:36 PM | MATKOVICH v COSTCO — Travel to and from court and oral argument | Joseph M. Lovretovich | $750.00 | 7 | $5,250.00 | | | 7 | [✓] | [ ] | |
| 7/1/2017 | 7:42 PM | MATKOVICH v COSTCO — Review file re fling motion for attorneys fees and costs | Joseph M. Lovretovich | $750.00 | 2 | $1,500.00 | | | 2 | [✓] | [ ] | |
| 7/12/2017 | 10:41 PM | MATKOVICH v COSTCO — Review billing records and draft declaration in support of Motion for Attorneys Fees | Joseph M. Lovretovich | $750.00 | 3.8 | $2,850.00 | | | 3.8 | [✓] | [ ] | |

**Total Hours Worked:** 131.50    **Total Billable Hours:** 136.40    **Total Billable Amount:** $102,300.00



# EXHIBIT B



# TimeKeeper Manager Report

| Date | Time | Case Name Explanation | User | Hourly Rate | Hours | Amount | Task Code | Activity Code | Hours Worked | Billable Time | Billed | Billed Date |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 1/8/2015 | 7:45 PM | MATKOVICH v COSTCO — Initial draft of complaint | D. Aaron Brock | $600.00 | 4 | $2,400.00 | | | 4 | ☑ | ☐ | |
| 1/10/2015 | 8:15 PM | MATKOVICH v COSTCO — Further Draft complaint | D. Aaron Brock | $600.00 | 4 | $2,400.00 | | | 4 | ☑ | ☐ | |
| 1/10/2015 | 3:18 PM | MATKOVICH v COSTCO — Email discussing DFEH Complaint | D. Aaron Brock | $600.00 | 0.1 | $60.00 | | | | ☐ | ☐ | |
| 1/13/2015 | 3:19 PM | MATKOVICH v COSTCO — Email discussing Complaint | D. Aaron Brock | $600.00 | 0.1 | $60.00 | | | | ☐ | ☐ | |
| 2/23/2015 | 10:08 PM | MATKOVICH v COSTCO — Review letter from Sophia Kwan | D. Aaron Brock | $600.00 | 0.2 | $120.00 | | | 0.2 | ☐ | ☐ | |
| 3/25/2015 | 3:20 PM | MATKOVICH v COSTCO — Email discussing discovery request | D. Aaron Brock | $600.00 | 0.1 | $60.00 | | | | ☐ | ☐ | |
| 4/1/2015 | 3:21 PM | MATKOVICH v COSTCO — Email discussing Jury Demand & Ntc. of Interested Parties | D. Aaron Brock | $600.00 | 0.1 | $60.00 | | | | ☐ | ☐ | |
| 4/23/2015 | 3:22 PM | MATKOVICH v COSTCO — Email discussing Federal Discovery | D. Aaron Brock | $600.00 | 0.1 | $60.00 | | | | ☐ | ☐ | |
| 5/17/2015 | 5:22 PM | MATKOVICH v COSTCO — Email discussing depo of client | D. Aaron Brock | $600.00 | 0.1 | $60.00 | | | | ☐ | ☐ | |
| 5/20/2015 | 3:23 PM | MATKOVICH v COSTCO — Email discussing Discovery | D. Aaron Brock | $600.00 | 0.1 | $60.00 | | | | ☐ | ☐ | |
| 5/27/2015 | 3:24 PM | MATKOVICH v COSTCO — Email discussing Subpoena for records | D. Aaron Brock | $600.00 | 0.1 | $60.00 | | | | ☐ | ☐ | |

| Date | Time | Case Name Explanation | User | Hourly Rate | Hours | Amount | Task Code | Activity Code | Hours Worked | Billable Time | Billed | Billed Date |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 7/29/2015 | 3:24 PM | MATKOVICH v COSTCO Email discussing depo of Ms. Parisi | D. Aaron Brock | $600.00 | 0.1 | $60.00 | | | | ☐ | ☐ | |
| 8/5/2015 | 3:25 PM | MATKOVICH v COSTCO Email discussing depo of Ms. Parisi | D. Aaron Brock | $600.00 | 0.1 | $60.00 | | | | ☐ | ☐ | |
| 10/5/2015 | 3:27 PM | MATKOVICH v COSTCO Email discussing depo of Plaintiff | D. Aaron Brock | $600.00 | 0.1 | $60.00 | | | | ☐ | ☐ | |
| 10/22/2015 | 3:27 PM | MATKOVICH v COSTCO Email discussing Mediators | D. Aaron Brock | $600.00 | 0.1 | $60.00 | | | | ☐ | ☐ | |
| 10/23/2015 | 3:28 PM | MATKOVICH v COSTCO Email discussing Mediators | D. Aaron Brock | $600.00 | 0.1 | $60.00 | | | | ☐ | ☐ | |
| 9/18/2015 | 3:29 PM | MATKOVICH v COSTCO Email discussing depo of supervisors & co-workers | D. Aaron Brock | $600.00 | 0.1 | $60.00 | | | | ☐ | ☐ | |
| 9/20/2015 | 3:29 PM | MATKOVICH v COSTCO Email discussing depo notices | D. Aaron Brock | $600.00 | 0.1 | $60.00 | | | | ☐ | ☐ | |
| 1/24/2015 | 3:30 PM | MATKOVICH v COSTCO Email discussing PMQ depo | D. Aaron Brock | $600.00 | 0.1 | $60.00 | | | | ☐ | ☐ | |
| 12/7/2015 | 9:46 PM | MATKOVICH v COSTCO Preparation for deposition of Frances Parisi; review all potential exhibits | D. Aaron Brock | $600.00 | 7.2 | $4,320.00 | | | 7.2 | ☑ | ☐ | |
| 12/8/2015 | 9:43 PM | MATKOVICH v COSTCO Travel to and from Victorville from Los Angeles and take the deposition of examination of Francis Parisi | D. Aaron Brock | $600.00 | 9.75 | $5,850.00 | | | 9.75 | ☑ | ☐ | |
| 2/9/2015 | 3:31 PM | MATKOVICH v COSTCO Email discussing depos of Stoner, Garcia, & PMQ | D. Aaron Brock | $600.00 | 0.1 | $60.00 | | | | ☐ | ☐ | |
| 7/11/2015 | 3:31 PM | MATKOVICH v COSTCO Email discussing Supplemental Discovery | D. Aaron Brock | $600.00 | 0.1 | $60.00 | | | | ☐ | ☐ | |

| Date | Time | Case Name Explanation | User | Hourly Rate | Hours | Amount | Task Code | Activity Code | Hours Worked | Billable Time | Billed | Billed Date |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 2/11/2015 | 3:32 PM | MATKOVICH v COSTCO  Email discussing Exhibit of Pltf's depo | D. Aaron Brock | $600.00 | 0.1 | $60.00 | | | | ☐ | ☐ | |
| 2/14/2015 | 3:33 PM | MATKOVICH v COSTCO  Email discussing Mediation Brief | D. Aaron Brock | $60.00 | 0.1 | $60.00 | | | | ☐ | ☐ | |
| 12/16/2015 | 3:33 PM | MATKOVICH v COSTCO  Email discussing possible expert | D. Aaron Brock | $600.00 | 0.1 | $60.00 | | | | ☐ | ☐ | |
| 1/5/2016 | 3:34 PM | MATKOVICH v COSTCO  Email discussing PMO Depo | D. Aaron Brock | $600.00 | 0.1 | $60.00 | | | | ☐ | ☐ | |
| 1/6/2016 | 9:43 PM | MATKOVICH v COSTCO  Preparation for deposition of Rudy Garcia; review all potential exhibits | D. Aaron Brock | $600.00 | 8.1 | $4,860.00 | | | 8.1 | ☐ | ☐ | |
| 1/8/2016 | 9:41 PM | MATKOVICH v COSTCO  Travel to and From and Attend the Deposition of Rudy Garcia | D. Aaron Brock | $600.00 | 6.4 | $3,840.00 | | | 6.4 | ☑ | ☐ | |
| 1/29/2016 | 3:34 PM | MATKOVICH v COSTCO  Email discussing MSJ | D. Aaron Brock | $600.00 | 0.1 | $60.00 | | | | ☐ | ☐ | |
| 2/1/2016 | 3:35 PM | MATKOVICH v COSTCO  Email discussing MSJ | D. Aaron Brock | $600.00 | 0.1 | $60.00 | | | | ☐ | ☐ | |
| 3/15/2016 | 3:35 PM | MATKOVICH v COSTCO  Email discussing trial docs | D. Aaron Brock | $600.00 | 0.1 | $60.00 | | | | ☐ | ☐ | |
| 3/16/2016 | 9:56 PM | MATKOVICH v COSTCO  Review all motions in limine list and telephone call with Lindsey Fitch for defense | D. Aaron Brock | $600.00 | 2 | $1,200.00 | | | 2 | ☑ | ☐ | |
| 3/29/2016 | 3:36 PM | MATKOVICH v COSTCO  Email discussing Joint M/L's | D. Aaron Brock | $600.00 | 0.1 | $60.00 | | | | ☐ | ☐ | |
| 3/30/2016 | 3:37 PM | MATKOVICH v COSTCO  Email discussing Trial docs | D. Aaron Brock | $600.00 | 0.1 | $600.00 | | | | ☐ | ☐ | |

| Date | Time | Case Name Explanation | User | Hourly Rate | Hours | Amount | Task Code | Activity Code | Hours Worke Time | Billable Billed | Billed Date |
|------|------|----------------------|------|-------------|-------|--------|-----------|---------------|------------------|-----------------|-------------|
| 4/4/2016 | 3:37 PM | MATKOVICH v COSTCO<br>Email discussing Pltf's Memo & Cont. of Law & Facts | D. Aaron Brock | $600.00 | 0.1 | $60.00 | | | ☐ | ☐ | |
| 4/4/2016 | 3:38 PM | MATKOVICH v COSTCO<br>Email discussing Discovery Request | D. Aaron Brock | $600.00 | 0.1 | $60.00 | | | ☐ | ☐ | |
| 4/7/2016 | 3:39 PM | MATKOVICH v COSTCO<br>Email discussing verdict form & MIL's | D. Aaron Brock | $600.00 | 0.1 | $60.00 | | | ☐ | ☐ | |
| 4/8/2016 | 3:40 PM | MATKOVICH v COSTCO<br>Email discussing Wrongful termination claim | D. Aaron Brock | $600.00 | 0.1 | $60.00 | | | ☐ | ☐ | |

**Total Hours Worked:** 41.65     **Total Billable Hours:** 44.75     **Total Billable Amount:** $26,850.00



# EXHIBIT C



# TimeKeeper Manager Report

| Date | Time | Case Name Explanation | User | Hourly Rate | Hours | Amount | Task Code | Activity Code | Hours Worked | Billable Time | Billed | Billed Date |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 1/6/2015 | 10:05 AM | MATKOVICH v COSTCO — Email Discussing Garcia depo | Christopher P. Brandes | $350.00 | 0.1 | $35.00 | | | | ☐ | ☐ | |
| 1/19/2015 | 10:06 AM | MATKOVICH v COSTCO — Email Discussing Damages | Christopher P. Brandes | $350.00 | 0.1 | $35.00 | | | | ☐ | ☐ | |
| 1/20/2015 | 10:06 AM | MATKOVICH v COSTCO — Email Discussing MSJ | Christopher P. Brandes | $350.00 | 0.1 | $35.00 | | | | ☐ | ☐ | |
| 2/24/2015 | 9:30 AM | MATKOVICH v COSTCO — Email Discussing Possible Federal Court Removal | Christopher P. Brandes | $350.00 | 0.1 | $35.00 | | | | ☐ | ☐ | |
| 2/25/2015 | 9:31 AM | MATKOVICH v COSTCO — Email Discussing Stipulation to remove | Christopher P. Brandes | $350.00 | 0.1 | $35.00 | | | | ☐ | ☐ | |
| 2/26/2015 | 7:20 PM | MATKOVICH v COSTCO — Prepare client for deposition; review documents; proposed testimony | Christopher P. Brandes | $350.00 | 4 | $1,400.00 | | | 4 | ☐ | ☐ | |
| 3/1/2015 | 10:14 PM | MATKOVICH v COSTCO — Discussion with JML and client and draft responses to RFAs | Christopher P. Brandes | $350.00 | 1 | $350.00 | | | 1 | ☐ | ☐ | |
| 3/1/2015 | 10:17 PM | MATKOVICH v COSTCO — discussion with client and preparation of responses to Form General Rogs | Christopher P. Brandes | $350.00 | 3 | $1,050.00 | | | 3 | ☐ | ☐ | |
| 3/1/2015 | 10:18 PM | MATKOVICH v COSTCO — Discussion with client and preparation of responses to Form Employment Rogs | Christopher P. Brandes | $350.00 | 3 | $1,050.00 | | | 3 | ☐ | ☐ | |

| Date | Time | Case Name Explanation | User | Hourly Rate | Hours | Amount | Task Code | Activity Code | Hours Worked | Billable Time | Billed | Billed Date |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 3/9/2015 | 9:32 AM | MATKOVICH v COSTCO<br>Email Discussing discovery responses | Christopher P. Brandes | $350.00 | 0.1 | $35.00 | | | | ☐ | ☐ | |
| 3/11/2015 | 9:33 AM | MATKOVICH v COSTCO<br>Email Discussing discovery responses | Christopher P. Brandes | $350.00 | 0.1 | $35.00 | | | | ☐ | ☐ | |
| 3/15/2015 | 8:24 PM | MATKOVICH v COSTCO<br>Final preparation of jury instructions | Christopher P. Brandes | $350.00 | 2 | $700.00 | | | 2 | ☑ | ☐ | |
| 3/15/2015 | 8:32 PM | MATKOVICH v COSTCO<br>Review file re decision on exhibits and initial preparation of exhibit list | Christopher P. Brandes | $350.00 | 4 | $1,400.00 | | | 4 | ☐ | ☐ | |
| 3/20/2015 | 8:29 PM | MATKOVICH v COSTCO<br>Reviewed state of law and law re memo of contentions of law and fact | Christopher P. Brandes | $350.00 | 4 | $1,400.00 | | | 4 | ☐ | ☐ | |
| 4/1/2015 | 7:54 PM | MATKOVICH v COSTCO<br>Prepare notice of interested parties | Christopher P. Brandes | $350.00 | 0.5 | $175.00 | | | 0.5 | ☐ | ☐ | |
| 4/1/2015 | 7:55 PM | MATKOVICH v COSTCO<br>Prepare jury demand | Christopher P. Brandes | $350.00 | 0.5 | $175.00 | | | | ☐ | ☐ | |
| 4/15/2015 | 7:55 PM | MATKOVICH v COSTCO<br>Prepare for Rule 26 meeting | Christopher P. Brandes | $350.00 | 0.5 | $175.00 | | | 0.5 | ☐ | ☐ | |
| 4/15/2015 | 8:00 PM | MATKOVICH v COSTCO<br>Rule 26 meeting | Christopher P. Brandes | $350.00 | 0.5 | $175.00 | | | 0.5 | ☐ | ☐ | |
| 4/18/2015 | 9:34 AM | MATKOVICH v COSTCO<br>Email Discussing rule 26 report | Christopher P. Brandes | $350.00 | 0.1 | $35.00 | | | | ☐ | ☐ | |

Case 2:15-cv-02057-MR-02822-EJD Document 10215 Filed 07/13/17 Page 27 of 463 Page ID #:3631

| Date | Time | Case Name / Explanation | User | Hourly Rate | Hours | Amount | Task Code | Activity Code | Hours Worked | Billable Time | Billed | Billed Date |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 4/20/2015 | 8:01 PM | MATKOVICH v COSTCO<br>Review Rule 26 report | Christopher P. Brandes | $350.00 | 0.5 | $175.00 | | | 0.5 | ☐ | ☐ | |
| 4/21/2015 | 9:34 AM | MATKOVICH v COSTCO<br>Email Discussing rule 26 report | Christopher P. Brandes | $350.00 | 0.1 | $35.00 | | | | ☐ | ☐ | |
| 4/23/2015 | 9:35 AM | MATKOVICH v COSTCO<br>Email Discussing rule 26 report | Christopher P. Brandes | $350.00 | 0.1 | $35.00 | | | | ☐ | ☐ | |
| 4/30/2015 | 8:05 PM | MATKOVICH v COSTCO<br>Review Judge Olguin's order | Christopher P. Brandes | $350.00 | 1 | $350.00 | | | 1 | ☑ | ☐ | |
| 4/30/2015 | 9:35 AM | MATKOVICH v COSTCO<br>Email Discussing ruling on rule 26 report | Christopher P. Brandes | $350.00 | 0.1 | $35.00 | | | | ☐ | ☐ | |
| 5/4/2015 | 9:36 AM | MATKOVICH v COSTCO<br>Email Discussing p'tf depo | Christopher P. Brandes | $350.00 | 0.1 | $35.00 | | | | ☐ | ☐ | |
| 5/5/2015 | 8:08 PM | MATKOVICH v COSTCO<br>Review file and discussion with JML re initial disclosures | Christopher P. Brandes | $350.00 | 2 | $700.00 | | | 2 | ☐ | ☐ | |
| 5/6/2015 | 8:11 PM | MATKOVICH v COSTCO<br>Prepare Plaintiff's initial disclosures | Christopher P. Brandes | $350.00 | 1 | $350.00 | | | 1 | ☐ | ☐ | |
| 5/11/2015 | 9:37 AM | MATKOVICH v COSTCO<br>Email Discussing pltf depo | Christopher P. Brandes | $350.00 | 0.1 | $35.00 | | | | ☐ | ☐ | |
| 5/17/2015 | 9:37 AM | MATKOVICH v COSTCO<br>Email Discussing discovery | Christopher P. Brandes | $350.00 | 0.1 | $35.00 | | | | ☐ | ☐ | |

| Date | Time | Case Name Explanation | User | Hourly Rate | Hours | Amount | Task Code | Activity Code | Hours Worked | Billable Time | Billed | Billed Date |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 5/17/2015 | 9:38 AM | MATKOVICH v COSTCO Email Discussing pltf depo | Christopher P. Brandes | $350.00 | 0.1 | $35.00 | | | | ☐ | ☐ | |
| 5/21/2015 | 9:38 AM | MATKOVICH v COSTCO Email Discussing pltf depo | Christopher P. Brandes | $350.00 | 0.1 | $35.00 | | | | ☐ | ☐ | |
| 5/27/2015 | 9:39 AM | MATKOVICH v COSTCO Email Discussing pltf depo | Christopher P. Brandes | $350.00 | 0.1 | $35.00 | | | | ☐ | ☐ | |
| 5/28/2015 | 9:39 AM | MATKOVICH v COSTCO Email Discussing records subpoenas | Christopher P. Brandes | $350.00 | 0.1 | $35.00 | | | | ☐ | ☐ | |
| 6/11/2015 | 10:12 PM | MATKOVICH v COSTCO Review and redraft letter re Meet and Confer letter from Sophia Kwan | Christopher P. Brandes | $350.00 | 1 | $350.00 | | | 1 | ☐ | ☐ | |
| 6/17/2015 | 9:40 AM | MATKOVICH v COSTCO Email Discussing discovery responses | Christopher P. Brandes | $350.00 | 0.1 | $35.00 | | | | ☐ | ☐ | |
| 6/18/2015 | 9:40 AM | MATKOVICH v COSTCO Email Discussing discovery responses | Christopher P. Brandes | $350.00 | 0.1 | $35.00 | | | | ☐ | ☐ | |
| 6/20/2015 | 10:19 PM | MATKOVICH v COSTCO Email Discussing discovery responses | Christopher P. Brandes | $350.00 | 3 | $1,050.00 | | | 3 | ☐ | ☐ | |
| 6/24/2015 | 9:41 AM | MATKOVICH v COSTCO Prepare supplemental responses to discovery | Christopher P. Brandes | $350.00 | 0.1 | $35.00 | | | | ☐ | ☐ | |
| 6/26/2015 | 9:42 AM | MATKOVICH v COSTCO Email Discussing supp discovery responses Email Discussing document production | Christopher P. Brandes | $350.00 | 0.1 | $35.00 | | | | ☐ | ☐ | |

| Date | Time | Case Name / Explanation | User | Hourly Rate | Hours | Amount | Task Code | Activity Code | Hours Worked | Billable Time | Billed | Billed Date |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 6/30/2015 | 7:22 PM | MATKOVICH v COSTCO — Travel to and from and deposition of Plaintiff vol. 1 | Christopher P. Brandes | $350.00 | 6 | $2,100.00 | | | 6 | ☐ | ☐ | |
| 7/14/2015 | 9:42 AM | MATKOVICH v COSTCO — Email Discussing depo trans of pltf | Christopher P. Brandes | $350.00 | 0.1 | $35.00 | | | | ☐ | ☐ | |
| 7/16/2015 | 9:43 AM | MATKOVICH v COSTCO — Email Discussing pltf depo | Christopher P. Brandes | $350.00 | 0.1 | $35.00 | | | | ☐ | ☐ | |
| 7/17/2015 | 9:44 AM | MATKOVICH v COSTCO — Email Discussing pltf depo | Christopher P. Brandes | $350.00 | 0.1 | $35.00 | | | | ☐ | ☐ | |
| 7/21/2015 | 9:44 AM | MATKOVICH v COSTCO — Email Discussing defendant responses to discovery | Christopher P. Brandes | $350.00 | 0.1 | $35.00 | | | | ☐ | ☐ | |
| 7/31/2015 | 9:45 AM | MATKOVICH v COSTCO — Email Discussing Ms. Parisi depo | Christopher P. Brandes | $350.00 | 0.1 | $35.00 | | | | ☐ | ☐ | |
| 8/15/2015 | 9:46 AM | MATKOVICH v COSTCO — Email Discussing Ms. Parisi Depo | Christopher P. Brandes | $350.00 | 0.1 | $35.00 | | | | ☐ | ☐ | |
| 8/15/2015 | 9:46 AM | MATKOVICH v COSTCO — Email Discussing subp. for Ms. Parisi | Christopher P. Brandes | $350.00 | 0.1 | $35.00 | | | | ☐ | ☐ | |
| 8/18/2015 | 9:47 AM | MATKOVICH v COSTCO — Email Discussing depo of pltf | Christopher P. Brandes | $350.00 | 0.1 | $35.00 | | | | ☐ | ☐ | |
| 8/26/2015 | 5:47 AM | MATKOVICH v COSTCO — Email Discussing depo of pltf | Christopher P. Brandes | $350.00 | 0.1 | $35.00 | | | | ☐ | ☐ | |

| Date | Time | Case Name / Explanation | User | Hourly Rate | Hours | Amount | Task Code | Activity Code | Hours Worked | Billable Time | Billed | Billed Date |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 9/1/2015 | 9:48 AM | MATKOVICH v COSTCO — Email Discussing wrongful term claim | Christopher P. Brandes | $350.00 | 0.1 | $35.00 | | | | ☐ | ☐ | |
| 9/16/2015 | 9:48 AM | MATKOVICH v COSTCO — Email Discussing possible stip for ext. to discovery cut off and mediation | Christopher P. Brandes | $350.00 | 0.1 | $35.00 | | | | ☐ | ☐ | |
| 9/17/2015 | 9:49 AM | MATKOVICH v COSTCO — Email Discussing possible stip for extension to discovery cut off and mediation | Christopher P. Brandes | $350.00 | 0.1 | $35.00 | | | | ☐ | ☐ | |
| 9/18/2015 | 9:50 AM | MATKOVICH v COSTCO — Email Discussing possible mediators | Christopher P. Brandes | $350.00 | 0.1 | $35.00 | | | | ☐ | ☐ | |
| 9/20/2015 | 10:21 PM | MATKOVICH v COSTCO — Review, discussion with client, and prepare responses to supplemental discovery | Christopher P. Brandes | $350.00 | 3 | $1,050.00 | | | 3 | ☑ | ☐ | |
| 9/21/2015 | 9:51 AM | MATKOVICH v COSTCO — Email Discussing plff depo | Christopher P. Brandes | $350.00 | 0.1 | $35.00 | | | | ☐ | ☐ | |
| 9/24/2015 | 9:51 AM | MATKOVICH v COSTCO — Email Discussing plff depo | Christopher P. Brandes | $350.00 | 0.1 | $35.00 | | | | ☐ | ☐ | |
| 9/29/2015 | 9:53 AM | MATKOVICH v COSTCO — Email Discussing plff depo and stip | Christopher P. Brandes | $350.00 | 0.1 | $35.00 | | | | ☐ | ☐ | |
| 10/6/2015 | 9:53 AM | MATKOVICH v COSTCO — Email Discussing plff depo | Christopher P. Brandes | $350.00 | 0.1 | $35.00 | | | | ☐ | ☐ | |
| 10/15/2015 | 9:54 AM | MATKOVICH v COSTCO — Email Discussing plff depo and Parisi depo | Christopher P. Brandes | $350.00 | 0.1 | $35.00 | | | | ☐ | ☐ | |

| Date | Time | Case Name Explanation | User | Hourly Rate | Hours | Amount | Task Code | Activity Code | Hours Worked | Billable Time | Billed | Billed Date |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 10/22/2015 | 9:54 AM | MATKOVICH v COSTCO Email Discussing possible mediators | Christopher P. Brandes | $350.00 | 0.1 | $35.00 | | | | ☐ | ☐ | |
| 10/23/2015 | 9:55 AM | MATKOVICH v COSTCO Email Discussing mediation | Christopher P. Brandes | $350.00 | 0.1 | $35.00 | | | | ☐ | ☐ | |
| 10/29/2015 | 9:55 AM | MATKOVICH v COSTCO Email Discussing Depo of Ms. Parisi | Christopher P. Brandes | $350.00 | 0.1 | $35.00 | | | | ☐ | ☐ | |
| 11/16/2015 | 9:35 PM | MATKOVICH v COSTCO Review file and conference call with wc attorney re status of case and strategy | Christopher P. Brandes | $350.00 | 0.5 | $175.00 | | | 0.5 | ☐ | ☐ | |
| 11/10/2015 | 9:57 AM | MATKOVICH v COSTCO Email Discussing Ms. Parisi depo | Christopher P. Brandes | $350.00 | 0.1 | $35.00 | | | | ☐ | ☐ | |
| 11/11/2015 | 9:57 AM | MATKOVICH v COSTCO Email Discussing supplemental responses | Christopher P. Brandes | $350.00 | 0.1 | $35.00 | | | | ☐ | ☐ | |
| 11/12/2015 | 9:58 AM | MATKOVICH v COSTCO Email Discussing discovery responses | Christopher P. Brandes | $350.00 | 0.1 | $35.00 | | | | ☐ | ☐ | |
| 11/13/2015 | 9:58 AM | MATKOVICH v COSTCO Email Discussing pltf additional production | Christopher P. Brandes | $350.00 | 0.1 | $35.00 | | | | ☐ | ☐ | |
| 11/16/2015 | 8:33 AM | MATKOVICH v COSTCO Travel to and from and deposition of Plaintiff vol. 2 | Christopher P. Brandes | $350.00 | 7.75 | $2,712.50 | | | 7.75 | ☑ | ☐ | |
| 11/17/2015 | 9:59 AM | MATKOVICH v COSTCO Email Discussing depo of Ms. Parisi | Christopher P. Brandes | $350.00 | 0.1 | $35.00 | | | | ☐ | ☐ | |

| Date | Time | Case Name Explanation | User | Hourly Rate | Hours | Amount | Task Code | Activity Code | Hours Worked | Billable Time | Billed | Billed Date |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 9/23/2015 | 9:47 PM | MATKOVICH v COSTCO | Christopher P. Brandes | $350.00 | 3 | $1,050.00 | | | 3 | ☑ | ☐ | |
| | | Preparation of deposition notices for Chip Esler; Scott Jacobs; Nick Meadows; Mike Funaro; Chris Jagard; Kathryn Davis; Jennifer Stoner; Rudy Garcia | | | | | | | | | | |
| 9/23/2015 | 9:49 PM | MATKOVICH v COSTCO | Christopher P. Brandes | $350.00 | 2 | $700.00 | | | 2 | ☐ | ☐ | |
| | | Prepare PMQ Deposition Notice with Request for Production | | | | | | | | | | |
| 9/25/2015 | 10:00 AM | MATKOVICH v COSTCO | Christopher P. Brandes | $350.00 | 0.1 | $35.00 | | | | ☐ | ☐ | |
| | | Email Discussing depo of Rudy Garcia | | | | | | | | | | |
| 12/8/2015 | 10:00 AM | MATKOVICH v COSTCO | Christopher P. Brandes | $350.00 | 0.1 | $35.00 | | | | ☐ | ☐ | |
| | | Email Discussing obj to depo of Rudy Garcia, Michael Funaro, Kathryn Davis, Nick Meadows, Chris Jangard, Jennifer Stoner, Scott Jacobs, Chip Esler and PMQ | | | | | | | | | | |
| 12/9/2015 | 10:02 AM | MATKOVICH v COSTCO | Christopher P. Brandes | $350.00 | 0.1 | $35.00 | | | | ☐ | ☐ | |
| | | Email Discussing EXPARTE TO CONT. DISC. CUT OFF | | | | | | | | | | |
| 12/9/2015 | 10:02 AM | MATKOVICH v COSTCO | Christopher P. Brandes | $350.00 | 0.1 | $35.00 | | | | ☐ | ☐ | |
| | | Email Discussing Stoner depo | | | | | | | | | | |
| 12/10/2015 | 10:03 AM | MATKOVICH v COSTCO | Christopher P. Brandes | $350.00 | 0.1 | $35.00 | | | | ☐ | ☐ | |
| | | Email Discussing Rudy Garcia & PMQ DEPO | | | | | | | | | | |
| 12/15/2015 | 8:18 PM | MATKOVICH v COSTCO | Christopher P. Brandes | $350.00 | 6 | $2,100.00 | | | 6 | ☑ | ☐ | |
| | | Travel to and from and attendance at mediation with Michael Latin | | | | | | | | | | |
| 12/15/2015 | 10:03 AM | MATKOVICH v COSTCO | Christopher P. Brandes | $350.00 | 0.1 | $35.00 | | | | ☐ | ☐ | |
| | | Email Discussing Depo of Ms. Parisi | | | | | | | | | | |
| 12/21/2015 | 8:20 PM | MATKOVICH v COSTCO | Christopher P. Brandes | $350.00 | 3 | $1,050.00 | | | 3 | ☑ | ☐ | |
| | | Research and discussion with JML re designation of exports | | | | | | | | | | |

| Date | Time | Case Name | Explanation | User | Hourly Rate | Hours | Amount | Task Code | Activity Code | Hours Worked | Billable Time | Billed | Billed Date |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 2/22/2015 | 10:04 AM | MATKOVICH v COSTCO | Email Discussing possible expert | Christopher P. Brandes | $350.00 | 0.1 | $35.00 | | | | ☐ | ☐ | |
| 1/5/2016 | 10:04 AM | MATKOVICH v COSTCO | Email Discussing PMQ DEPO | Christopher P. Brandes | $350.00 | 0.1 | $35.00 | | | | ☐ | ☐ | |
| 1/13/2016 | 10:05 AM | MATKOVICH v COSTCO | Email Discussing pmq depo | Christopher P. Brandes | $350.00 | 0.1 | $35.00 | | | | ☐ | ☐ | |
| 1/20/2016 | 10:07 AM | MATKOVICH v COSTCO | Email Discussing MSJ | Christopher P. Brandes | $350.00 | 0.1 | $35.00 | | | | ☐ | ☐ | |
| 1/24/2016 | 10:07 AM | MATKOVICH v COSTCO | Email Discussing MSJ | Christopher P. Brandes | $350.00 | 0.1 | $35.00 | | | | ☐ | ☐ | |
| 1/26/2016 | 10:08 AM | MATKOVICH v COSTCO | Email Discussing MSJ | Christopher P. Brandes | $350.00 | 0.1 | $35.00 | | | | ☐ | ☐ | |
| 1/28/2016 | 10:08 AM | MATKOVICH v COSTCO | Email Discussing MSJ | Christopher P. Brandes | $350.00 | 0.1 | $35.00 | | | | ☐ | ☐ | |
| 1/28/2016 | 10:09 AM | MATKOVICH v COSTCO | Email Discussing pmq depo | Christopher P. Brandes | $350.00 | 0.1 | $35.00 | | | | ☐ | ☐ | |
| 1/29/2016 | 7:33 PM | MATKOVICH v COSTCO | Preparation for deposition of Jonathan Wellnitz; review all potential exhibits | Christopher P. Brandes | $350.00 | 2.5 | $875.00 | | | 2.5 | ☑ | ☐ | |
| 1/29/2016 | 10:09 AM | MATKOVICH v COSTCO | Email Discussing MSJ | Christopher P. Brandes | $350.00 | 0.1 | $35.00 | | | | ☐ | ☐ | |

| Date | Time | Case Name Explanation | User | Hourly Rate | Hours | Amount | Task Code | Activity Code | Hours Worke | Billable Time | Billed | Billed Date |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 1/30/2016 | 7:30 PM | MATKOVICH v COSTCO | Christopher P. Brandes | $350.00 | 2.5 | $875.00 | | | 2.5 | ☐ | ☐ | |
| | | Preparation for deposition of Sarah Rajski ; review all potential exhibits | | | | | | | | | | |
| 2/1/2016 | 7:31 PM | MATKOVICH v COSTCO | Christopher P. Brandes | $350.00 | 0.5 | $175.00 | | | 0.5 | ☐ | ☐ | |
| | | Telephonic deposition of Jonathan Wellnitz | | | | | | | | | | |
| 2/1/2016 | 10:10 AM | MATKOVICH v COSTCO | Christopher P. Brandes | $350.00 | 0.1 | $35.00 | | | | ☐ | ☐ | |
| | | Email Discussing MSJ | | | | | | | | | | |
| 2/1/2016 | 10:10 AM | MATKOVICH v COSTCO | Christopher P. Brandes | $350.00 | 0.1 | $35.00 | | | | ☐ | ☐ | |
| | | Email Discussing PMO DEPO | | | | | | | | | | |
| 2/3/2016 | 10:04 PM | MATKOVICH v COSTCO | Christopher P. Brandes | $350.00 | 0.5 | $175.00 | | | 0.5 | ☑ | ☐ | |
| | | Telephonic deposition of Sarah Rajski | | | | | | | | | | |
| 2/3/2016 | 10:11 AM | MATKOVICH v COSTCO | Christopher P. Brandes | $350.00 | 0.1 | $35.00 | | | | ☐ | ☐ | |
| | | Email Discussing MSJ | | | | | | | | | | |
| 2/13/2016 | 10:11 AM | MATKOVICH v COSTCO | Christopher P. Brandes | $350.00 | 0.1 | $35.00 | | | | ☐ | ☐ | |
| | | Email Discussing MSJ | | | | | | | | | | |
| 2/15/2016 | 10:11 AM | MATKOVICH v COSTCO | Christopher P. Brandes | $350.00 | 0.1 | $35.00 | | | | ☐ | ☐ | |
| | | Email Discussing MSJ | | | | | | | | | | |
| 2/16/2016 | 10:12 AM | MATKOVICH v COSTCO | Christopher P. Brandes | $350.00 | 0.1 | $35.00 | | | | ☐ | ☐ | |
| | | Email Discussing MSJ | | | | | | | | | | |
| 2/17/2016 | 10:12 AM | MATKOVICH v COSTCO | Christopher P. Brandes | $350.00 | 0.1 | $35.00 | | | | ☐ | ☐ | |
| | | Email Discussing MSJ | | | | | | | | | | |

| Date | Time | Case Name Explanation | User | Hourly Rate | Hours | Amount | Task Code | Activity Code | Hours Worked | Billable Time | Billed | Billed Date |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 2/18/2016 | 10:13 AM | MATKOVICH v COSTCO — Email Discussing MSJ | Christopher P. Brandes | $350.00 | 0.1 | $35.00 | | | | ☐ | ☐ | |
| 2/19/2016 | 10:13 AM | MATKOVICH v COSTCO — Email Discussing MSJ | Christopher P. Brandes | $350.00 | 0.1 | $35.00 | | | | ☐ | ☐ | |
| 2/23/2016 | 10:13 AM | MATKOVICH v COSTCO — Email Discussing DEPO OF COLEMAN | Christopher P. Brandes | $350.00 | 0.1 | $35.00 | | | | ☐ | ☐ | |
| 2/28/2016 | 10:14 AM | MATKOVICH v COSTCO — Email Discussing statement of uncontroverted facts | Christopher P. Brandes | $350.00 | 0.1 | $35.00 | | | | ☐ | ☐ | |
| 3/10/2016 | 10:14 AM | MATKOVICH v COSTCO — Email Discussing verdict form and mils | Christopher P. Brandes | $350.00 | 0.1 | $35.00 | | | | ☐ | ☐ | |
| 3/12/2016 | 8:34 PM | MATKOVICH v COSTCO — Review lie re decision on witnesses | Christopher P. Brandes | $350.00 | 3 | $1,050.00 | | | 3 | ☐ | ☐ | |
| 3/15/2016 | 8:22 PM | MATKOVICH v COSTCO — Review law and jury instruction selector; research special jury instructions; prepare jury instructions | Christopher P. Brandes | $350.00 | 8 | $2,800.00 | | | 8 | ☐ | ☐ | |
| 3/15/2016 | 10:15 AM | MATKOVICH v COSTCO — Email Discussing prop jury inst. list | Christopher P. Brandes | $350.00 | 0.1 | $35.00 | | | | ☐ | ☐ | |
| 3/15/2016 | 10:15 AM | MATKOVICH v COSTCO — Email Discussing verdict form & mils | Christopher P. Brandes | $350.00 | 0.1 | $35.00 | | | | ☐ | ☐ | |
| 3/16/2016 | 9:58 PM | MATKOVICH v COSTCO — Review motion list and telephone conference with defense counsel | Christopher P. Brandes | $350.00 | 2 | $700.00 | | | 2 | ☑ | ☐ | |

| Date | Time | Case Name Explanation | User | Hourly Rate | Hours | Amount | Task Code | Activity Code | Hours Worked | Billable Time | Billed | Billed Date |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 3/17/2016 | 8:25 PM | MATKOVICH v COSTCO Review defendant's jury instructions and research law; meeting with JML | Christopher P. Brandes | $350.00 | 3 | $1,050.00 | | | 3 | ☐ | ☐ | |
| 3/17/2016 | 8:34 PM | MATKOVICH v COSTCO Final preparation of exhibit list | Christopher P. Brandes | $350.00 | 2 | $700.00 | | | 2 | ☑ | ☐ | |
| 3/21/2016 | 10:16 AM | MATKOVICH v COSTCO Email Discussing mil's | Christopher P. Brandes | $350.00 | 0.1 | $35.00 | | | | ☐ | ☐ | |
| 3/22/2016 | 8:30 PM | MATKOVICH v COSTCO Meeting with JML re Memo of contentions of law and fact and final draft of Memo | Christopher P. Brandes | $350.00 | 8 | $2,800.00 | | | 8 | ☑ | ☐ | |
| 3/22/2016 | 10:16 AM | MATKOVICH v COSTCO Email Discussing MIL's | Christopher P. Brandes | $350.00 | 0.1 | $35.00 | | | | ☐ | ☐ | |
| 3/23/2016 | 10:17 AM | MATKOVICH v COSTCO Email Discussing mil's | Christopher P. Brandes | $350.00 | 0.1 | $35.00 | | | | ☐ | ☐ | |
| 3/29/2016 | 10:17 AM | MATKOVICH v COSTCO Email Discussing witness list | Christopher P. Brandes | $350.00 | 0.1 | $35.00 | | | | ☐ | ☐ | |
| 3/30/2016 | 10:18 AM | MATKOVICH v COSTCO Email Discussing witness list | Christopher P. Brandes | $350.00 | 0.1 | $35.00 | | | | ☐ | ☐ | |
| 3/31/2016 | 8:36 PM | MATKOVICH v COSTCO Final preparation of witness list | Christopher P. Brandes | $350.00 | 1 | $350.00 | | | 1 | ☐ | ☐ | |
| 3/31/2016 | 8:37 PM | MATKOVICH v COSTCO Review file re decision o submit supplemental disclosures; meeting with JML and preparation of supplemental disclosures | Christopher P. Brandes | $350.00 | 2 | $700.00 | | | 2 | ☐ | ☐ | |

| Date | Time | Case Name Explanation | User | Hourly Rate | Hours | Amount | Task Code | Activity Code | Hours Worked | Billable Time | Billed | Billed Date |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 3/31/2016 | 10:18 AM | MATKOVICH v COSTCO Email Discussing opp to mi's | Christopher P. Brandes | $350.00 | 0.1 | $35.00 | | | | ☐ | | |
| 3/31/2016 | 10:19 AM | MATKOVICH v COSTCO Email Discussing supp disclosures | Christopher P. Brandes | $350.00 | 0.1 | $35.00 | | | | ☐ | | |
| 4/1/2016 | 8:35 PM | MATKOVICH v COSTCO Review file and meeting with JML re decision to stip to garden variety emotional distress | Christopher P. Brandes | $350.00 | 1 | $350.00 | | | 1 | ☐ | | |
| 4/1/2016 | 8:42 PM | MATKOVICH v COSTCO Prepare draft of final pre trial conf order | Christopher P. Brandes | $350.00 | 3 | $1,050.00 | | | 3 | ☐ | | |
| 4/1/2016 | 10:19 AM | MATKOVICH v COSTCO Email Discussing witness list | Christopher P. Brandes | $350.00 | 0.1 | $35.00 | | | | ☐ | | |
| 4/3/2016 | 10:20 AM | MATKOVICH v COSTCO Email Discussing memorandum of contention of law and facts | Christopher P. Brandes | $350.00 | 0.1 | $35.00 | | | | ☐ | | |
| 4/6/2016 | 10:20 AM | MATKOVICH v COSTCO Email Discussing trial docs | Christopher P. Brandes | $350.00 | 0.1 | $35.00 | | | | ☐ | | |
| 4/7/2016 | 10:21 AM | MATKOVICH v COSTCO Email Discussing trial docs | Christopher P. Brandes | $350.00 | 0.1 | $35.00 | | | | ☐ | ☐ | |
| 4/8/2016 | 10:21 AM | MATKOVICH v COSTCO Email Discussing trial docs | Christopher P. Brandes | $350.00 | 0.1 | $35.00 | | | | ☐ | ☐ | |
| 4/12/2016 | 10:22 AM | MATKOVICH v COSTCO Email Discussing trial docs | Christopher P. Brandes | $350.00 | 0.1 | $35.00 | | | | ☐ | ☐ | |

| Date | Time | Case Name Explanation | User | Hourly Rate | Hours | Amount | Task Code | Activity Code | Hours Worked | Billable Time | Billed | Billed Date |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 9/13/2016 | 10:22 AM | MATKOVICH v COSTCO<br>Email Discussing ruling on msj | Christopher P. Brandes | $350.00 | 0.1 | $35.00 | | | | ☐ | ☐ | |
| 2/27/2017 | 9:56 PM | MATKOVICH v COSTCO<br>Meeting with JML re status of case and telephone conference with Judge Gandhi | Christopher P. Brandes | $350.00 | 2 | $700.00 | | | 2 | ☐ | ☐ | |
| | | **Total Hours Worked:** 103.25 | | | | **Total Billable Hours:** 112.85 | | | **Total Billable Amount:** $39,497.50 | | | |



# EXHIBIT D



# TimeKeeper Manager Report

| Date | Time | Case Name Explanation | User | Hourly Rate | Hours | Amount | Task Code | Activity Code | Hours Worke | Billable Time | Billed | Billed Date |
|------|------|----------------------|------|-------------|-------|--------|-----------|---------------|-------------|---------------|--------|-------------|
| 5/18/2017 | 4:09 PM | MATKOVICH v COSTCO | Karina Godoy | $350.00 | 5.6 | $1,960.00 | Pre-trial pleadings and motions | | | ☑ | ☐ | |

Prepare and Draft the Proposed Findings of Fact and Conclusions of Law per the judges order.

| | | | **Total Hours Worked:** | | | | **Total Billable Hours:** | **5.60** | | **Total Billable Amount:** | **$1,960.00** | |

# EXHIBIT 8

## UNITED STATES DISTRICT COURT
### CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | LA CV 15-2057 JCG | | Date | August 24, 2017 |
|---|---|---|---|---|
| Title | *Clint Matkovich v. Costco Wholesale Corporation, et al.* | | | |

| Present: The Honorable | **Jay C. Gandhi, United States Magistrate Judge** | |
|---|---|---|
| Kristee Hopkins | None Appearing | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| Attorneys Present for Plaintiff: | Attorneys Present for Defendants: |
|---|---|
| None Appearing | None Appearing |

**Proceedings:** **(IN CHAMBERS) ORDER (1) DENYING DEFENDANT'S RULE 52 MOTION; AND (2) GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION FOR REASONABLE ATTORNEYS' FEES**

### I.
### INTRODUCTION

Pending before the Court are: (1) Defendant Costco Wholesale Corporation ("Defendant" or "Costco")'s Motion for Additional Findings of Fact and Conclusions of Law Pursuant to Fed. R. Civ. P. 52(b) ("Rule 52 Motion"), [Dkt. No. 126]; and (2) Plaintiff Clint Matkovich ("Plaintiff")'s Motion for Reasonable Attorneys' Fees ("Fee Motion"), [Dkt. No. 121]. The Court held a hearing on the motions on August 24, 2017, and thereafter took the matter under submission.

For the reasons discussed below, the Court (1) **DENIES** Defendant's Rule 52 Motion; and (2) **GRANTS IN PART AND DENIES IN PART** Plaintiff's Fee Motion.

### II.
### BACKGROUND

On January 16, 2015, Plaintiff filed a complaint against Defendant, alleging the following claims: (1) disability discrimination; (2) failure to provide reasonable accommodation; (3) failure to engage in an interactive process; (4) failure to prevent discrimination; and (5) retaliation in violation of the California Fair Employment and Housing Act ("FEHA"), Cal. Gov't Code §§ 1299, *et seq*. [*See* Dkt. No. 1 at 2.] Therein, Plaintiff, alleged that Defendant, among other things, discriminated against him because of his disability and failed to provide reasonable accommodation during his employment as a Front End Assistant with Costco. [*See generally* Dkt. No. 1.]

After a two-and-a-half-day bench trial where the Court heard live testimony and carefully considered the evidence and credibility of the witnesses, the Court entered its Findings of Fact and Conclusions of Law. [Dkt. No. 116.] The Court found Defendant liable for: (1) disability discrimination; (2) failure to provide reasonable accommodation; and (3) failure to take reasonable steps

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES - GENERAL

| Case No. | LA CV 15-2057 JCG | Date | August 24, 2017 |
|---|---|---|---|
| Title | *Clint Matkovich v. Costco Wholesale Corporation, et al.* | | |

to prevent discrimination. [*See generally id.*] On the same day, the Court entered judgment accordingly, and ordered Defendant to pay Plaintiff $71,592.48 in damages. [Dkt. No. 117.]

### III.
### DISCUSSION

**A.      Defendant's Rule 52 Motion**

On July 27, 2017, Defendant moved to supplement the Court's Findings of Fact and Conclusions of Law pursuant to Federal Rule of Civil Procedure 52(b). [Dkt. No. 126.] Therein, Defendant requests that the Court "issue additional findings with respect to which of the following functions of the Front End Assistant position were essential: (1) Packs member orders into boxes and loads to a separate cart or flatbed . . . . Assists members loading orders into car when appropriate; (2) Runs for items such as merchandise, boxes, register supplies, and item numbers as requested by cashiers to keep lines moving smoothly; (3) Transfers items not on belt to separate cart or flatbed as cashiers scan them; (4) Maintains cleanliness of register area and general front end area; and (5) Performs related tasks such as set up and closing duties (returning products)." [*Id.* at 2.]

Defendant further requests that "if the Court finds that one or more of the above Front End Assistant functions is essential," the Court should make additional findings of fact that Plaintiff was unable to perform one or more of those essential functions. [*Id.*] Defendant contends that these additional findings of fact are "necessary in order for the Court to conclusively determine whether Plaintiff was a 'qualified individual,' which is a *prima facie* element of all of his disability-related claims." [*Id.*] Defendant argues that if the Court makes these additional findings, then the Court should also "reverse the Judgment and enter judgment in [Defendant's] favor." [*Id.* at 6.]

In his opposition, Plaintiff argues that Defendant's motion should be denied because: (1) there is "no manifest error in the Court's Judgment as the Findings of Fact and Conclusions of Law are fully supported by the record"; and (2) Defendant's motion "impermissibly seeks reconsideration for issues previously decided by this Court." [Dkt. No. 129 at 6-10.]

Defendant counters that it is not asking the Court to amend or reconsider its findings of fact, but rather, Defendant "asks the Court to make *additional* findings of fact with respect to (1) whether the remaining job functions of a Front End Assistant, other than cart retrieval, that Costco deemed essential were, in fact, essential, and (2) whether Plaintiff was able to perform the essential functions *within his restrictions* with reasonable accommodation." [Dkt. No. 130 at 2 (emphasis in original).]

Rule 52(b) of the Federal Rules of Civil Procedure provides that "[o]n a party's motion filed no later than 28 days after the entry of judgment, the court may amend its findings — or make additional findings — and may amend the judgment accordingly." Fed. R. Civ. P. 52(b). The purpose of a Rule 52(b) motion "is to correct manifest errors of law or fact or, in some limited situations, to present newly

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES - GENERAL

| Case No. | LA CV 15-2057 JCG | Date | August 24, 2017 |
|---|---|---|---|
| Title | *Clint Matkovich v. Costco Wholesale Corporation, et al.* | | |

discovered evidence." *Fontenot v. Mesa Petroleum Co.*, 791 F.2d 1207, 1219 (5th Cir. 1986). However, a Rule 52(b) motion "should not be employed . . . to relitigate old issues . . . or to secure a rehearing on the merits." *Id.* (citations omitted); *see also U.S. Fidelity & Guar. Co. v. Lee Investments LLC*, 2009 WL 3162236, at *1 (E.D. Cal. Sept. 29, 2009) ("Rule [52(b)] is not intended to serve as a vehicle for rehearing."). "The decision to alter or amend findings is committed to the sound discretion of the trial judge." *Gutierrez v. Wells Fargo Bank, N.A.*, 2010 WL 4072240, at *5 (N.D. Cal. Oct. 18, 2010)*; see also Feliciano Hernandez v. Pereira Castillo*, 2010 WL 5072567, at *3 (D. P.R. Dec. 8, 2010) ("Federal Rule 52(b) provides the district court with ample discretion in reviewing its decision."). Therefore, "the party bringing a Rule 52 motion bears a heavy burden in seeking to demonstrate a clear error of manifest injustice necessitating amendment of the judgment." *Ashraf-Hassan v. Embassy of France*, 185 F. Supp. 3d 94, 108 (D.D.C. 2016) (citations and quotations marks omitted).

Here, Defendant's motion is simply a request for the Court to "rehash the entire trial and to rewrite its findings." *See Covert v. U.S.*, 2003 WL 23305264, at *2 (E.D. Tex. Oct. 23, 2003). To be clear, Defendant maintains that it is "not asking the Court to amend or reconsider its current findings of fact," nor does Defendant seek to introduce new evidence. Rather, Defendant asks the Court to make additional findings with respect to whether the job functions listed in the Jan. 13, 2014 JAM notes were essential, and if so, whether Plaintiff was able to perform the essential functions "*within his restrictions with reasonable accommodation.*" [Dkt. No. 130 at 2 (emphasis in original).]

However, Defendant's request is, in essence, asking the Court to reconsider its judgment, which it appears to argue based on reasoning that is erroneous as a matter of law and fact given that its proposed additional findings of fact would necessitate judgment in Defendant's favor. Put differently, Defendant effectively seeks to have the Court "make the factual findings [Defendant] advanced at trial, for essentially the same reasons it advocated there," which cannot support additional findings under Rule 52(b). *See Ashraf-Hassan*, 185 F. Supp. 3d at 109.

In any event, the Court's findings that Defendant: (1) had a policy of "team lifting" for items weighing over 25 pounds, or "anything that's too heavy"; (2) had accommodated Plaintiff for two years and allowed Plaintiff to work with the same accommodations after his condition was deemed permanent and stationary; and (3) did not receive any complaints by anyone at Costco about his overall job performance or inability to perform the essential functions of the Front End Assistant position while Plaintiff worked with these restrictions amply support the Court's conclusion that Plaintiff could perform *all* the essential functions of a Front End Assistant with reasonable accommodation. (Court's Findings of Fact and Conclusions of Law, at ¶¶ 14-15, 17, 18, 20, 55.) Therefore, Plaintiff was a "qualified individual" under FEHA. (*Id.*, at ¶ 56.)

In short, Defendant fails to persuade the Court that any more detail is necessary to avoid a manifest error of law or fact. *See Ollier v. Sweetwater Union High School Dist.*, 858 F. Supp. 2d 109, 1117 (S.D. Cal. Feb. 9, 2010) ("A motion to amend a court's factual and legal findings is properly denied where the proposed additional facts would not affect the outcome of the case . . . ."); *cf. Union*

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES - GENERAL

| Case No. | LA CV 15-2057 JCG | Date | August 24, 2017 |
|----------|-------------------|------|-----------------|
| Title | *Clint Matkovich v. Costco Wholesale Corporation, et al.* | | |

*Pacific R. Co. v. Kansas City Southern Ry. Co.*, 2009 WL 4544730, at *3 (S.D. Ill. Dec. 1, 2009) (declining to make additional findings of fact and conclusions of law because not including facts plaintiff thought important and plaintiff's disagreement with the court's interpretation "is not a basis for relief under Rules 52 and 59" of the Federal Rules of Civil Procedure); *Ashraf-Hassan*, 185 F. Supp. 3d at 110 (concluding that the court was aware of defendant's proposed findings of fact but "did not find them of such significance as to warrant inclusion in its verdict").

Accordingly, Defendant's Rule 52 Motion is **DENIED**.

### B.  Plaintiff's Fee Motion

In his Fee Motion, Plaintiff seeks an award of $656,285.00, based on a lodestar figure of $328,142.50[1] and a multiplier of 2.0.  [*See* Dkt. No. 127 at 2.]

Plaintiff avers that even though Plaintiff did not prevail on all of his claims, Plaintiff's fee award should not be apportioned between the claims on which he prevailed and the claims on which he did not because all of his claims stemmed from the same common facts.  [*Id.* at 7; Dkt. No. 127 at 6-9.]

Plaintiff further claims that the lodestar amount should be enhanced by a 2.0 multiplier "to compensate Plaintiff for the risk of non-payment and preclusion of other work, Defendant's refusal to engage in reasonable settlement expectations, achieving excellent results and to encourage other civil rights attorneys to undertake public interest litigation of similar importance in the future." [Dkt. No. 127 at 4.]

Defendant argues that Plaintiff's fee request is unreasonable for the following reasons: (1) Plaintiff's documentation of hours expended is inadmissible because he failed to lay the foundation for the business record exception to the hearsay rule; (2) Plaintiff is not entitled to recover fees incurred in litigating the unsuccessful claims for retaliation and failure to engage in an interactive process; (3) the billing sheets Plaintiff attached to his motion contain vague descriptions of the activities; (4) there were "numerous areas in Plaintiff's claimed time that are excessive, duplicative and wasteful"; (5) Plaintiff failed to meet his burden of establishing that the claimed hourly rates are reasonable; and (6) the application of a multiplier is unwarranted.  [*See generally* Dkt. No. 122.]

Plaintiff counters that: (1) affidavits of other attorneys in the community are satisfactory evidence of the prevailing market rate; (2) previously approved rates for the fee applicants are

---

[1]     In Plaintiff's reply to Defendant's opposition to the Fee Motion, Plaintiff states that he seeks $646,634.00, based on a lodestar of $328,317.00 and a multiplier of 2.0.  [Dkt. No. 127 at 1.]  Therein, Plaintiff agreed to remove the 3.5 hours from Mr. Lovretovich billed as "Emails."  [*Id.* at 9 n. 5.]  However, Plaintiff miscalculates the amount to be reduced from Mr. Lovretovich's lodestar as $2,450.00, when the product of his hourly rate of $750 and 3.5 hours would equal $2,625.00.  As such, Mr. Lovretovich's lodestar should equal $101,400.00.  The Court therefore calculates Plaintiff's total lodestar to be $328,142.50.

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES - GENERAL

| Case No. | LA CV 15-2057 JCG | Date | August 24, 2017 |
|---|---|---|---|
| Title | *Clint Matkovich v. Costco Wholesale Corporation, et al.* | | |

satisfactory evidence of the prevailing market rate; (3) Defendant failed to submit any evidence to dispute the requested hourly rates; (4) a multiplier is warranted because of the contingent risk of this case; (5) all of Plaintiff's claims — successful and unsuccessful — arise out of a set of common facts, which would make apportionment of fees improper; (6) Plaintiff provided the Court with as detailed time records as possible without revealing any detail regarding particular notes, work product, or trial strategy; and (7) the time entries did not include duplicative billing. [*See generally* Dkt. No. 127.]

As a general matter, "a federal court in California sitting in diversity applies California substantive law to determine whether a prevailing party is entitled to attorneys' fees." *James v. Cardinal Health 200 Inc.*, 2010 WL 4796931, at *1 (C.D. Cal. Nov. 22, 2010). FEHA provides that a court may "at its discretion, award the prevailing party . . . reasonable attorney's fees and costs." Cal. Gov't Code §12989.2.

Here, the Court granted judgment in favor of Plaintiff on his claims for disability discrimination, failure to provide reasonable accommodation, and failure to prevent discrimination. As such, Plaintiff is the prevailing party, and the Court, in its discretion, will award attorneys' fees to Plaintiff.

    1.   <u>Lodestar Calculation</u>

Once the prevailing party is determined, the court calculates a reasonable fee award. The determination of "reasonableness" generally involves a two-step process. First, the court calculates the lodestar figure by taking the number of hours reasonably expended on the litigation and multiplying it by the reasonable hourly rate. *See Serrano v. Priest* (*Serrano III*), 20 Cal. 3d 25, 48 (1977). The court then has discretion to increase or decrease the lodestar figure by applying a multiplier to account for various factors, including: (1) the novelty and difficulty of the questions involved; (2) the skill displayed in presenting them; (3) the extent to which the nature of the litigation precluded other employment by the attorneys; and (4) the contingent nature of the fee award. *See Pellegrino v. Robert Half Int'l, Inc.*, 182 Cal. App. 4th 278, 287-88, 290-91 (Cal. App. Ct. 2010).

    a.  *Reasonable Hourly Rates*

"Generally, the reasonable hourly rate used for the lodestar calculation 'is that prevailing in the community for similar work.'" *Ctr. for Biological Diversity v. Cty. of San Bernardino*, 188 Cal. App. 4th 603 (Cal. Ct. App. 2010) (internal quotation marks omitted). In assessing a reasonable hourly rate for an attorney's services, California courts look to fee awards in similar actions and the prevailing billing rates of comparable private attorneys. *See Serrano v. Unruh*, 32 Cal. 3d 621, 643 (1982) ("The trial court was entitled to use the prevailing billing rates of comparable private attorneys as the 'touchstone' for determination of that value."); *Moss v. Associated Press*, 956 F. Supp. 891, 895-96 (C.D. Cal. Oct. 28, 1996) (finding that reasonableness can be derived from examining similar awards of attorneys' fees in comparable actions).

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES - GENERAL

| Case No. | LA CV 15-2057 JCG | Date | August 24, 2017 |
|---|---|---|---|
| Title | *Clint Matkovich v. Costco Wholesale Corporation, et al.* | | |

Here, Plaintiff seeks an award of attorneys' fees at the following hourly rates: (1) $750 per hour for named partner Joseph M. Lovretovich ("Mr. Lovretovich"); (2) $600 per hour for firm partner Jared W. Beilke ("Mr. Beilke"); (3) $600 per hour for former partner D. Aaron Brock ("Mr. Brock"); (4) $400 per hour during 2016 and $450 per hour since January 1, 2017 for associate Jennifer A. Lipski ("Ms. Lipski"); (5) $350 per hour for former associate Christopher P. Brandes ("Mr. Brandes"); (6) $350 per hour for associate Andrew S. Pletcher ("Mr. Pletcher"); and (7) $350 per hour for associate Karina Godoy ("Ms. Godoy"). In support of Plaintiff's fee request, Plaintiff supplies declarations regarding the experience and hourly billing rates for each of the attorneys, as well as copies of detailed billing sheets.

Mr. Lovretovich states that he is the principal shareholder in the firm of JML Law, has been practicing law for approximately 40 years, and presently bills his time at the rate of $750 per hour. Declaration of Joseph M. Lovretovich in Support of Plaintiff's Motion for Reasonable Attorneys' Fees, at ¶ 1, 3, 8. He provides a long summary of his background, membership in various professional legal associations, and career achievements. *Id.*, at ¶¶ 1, 3-5. Notably, he has been recognized as one of Southern California's Super Lawyers for eleven consecutive years, from 2007 to 2017, achieved Martindale-Hubbell's AV Preeminent rating, and AVVO's 10.0 "Superb" rating. *Id.*, at ¶ 5. His law firm practices "almost exclusively employment law," and estimates that over 90% of his cases are employment-related. *Id.*, at ¶ 6. He was recently approved in the matter of *Vivian Phillips v. Accentcare*, Case No. CIVDS1620673 (County of San Bernardino) at a rate of $800.00 per hour and approved in 2014 at a rate of $750 per hour in *Frawley v. Los Angeles Metro. Transp. Auth.*, Case No. BC488591 (County of Los Angeles). *Id.*, at ¶¶ 4-5.

Moreover, Mr. Lovretovich submits that Mr. Brock, who became a partner at JML Law in 2003 and left the firm to start another firm in mid-2016, was billing $600 per hour for this case. *Id.*, at ¶¶ 15, 18. Mr. Lovretovich also submits that Mr. Brandes, a former associate for JML Law who was the main associate assigned to handle the litigation of this suit until early 2017, had a billing rate of $350 per hour from 2015 to 2017. *Id.*, at ¶¶ 19, 21. Ms. Godoy, a new associate at JML Law who replaced Mr. Brandes as the main associate assigned to handle the litigation of this suit in early 2017, has a billing rate of $350 per hour. *Id.*, at ¶¶ 23, 25. Mr. Lovretovich declares that all of their billing rates were "the actual rate [his] firm would bill for [their] time to clients when [they were] retained on an hourly basis to handle employment-related issues," and attached the billing records for each of these attorneys. *Id.*, at ¶¶ 17, 24, 30.

In addition, Mr. Beilke, current partner at JML Law and manager of the firm's litigation team in Orange County, submitted his own declaration and billing records for this case, and provided a summary of his background, membership in various professional organizations, and extensive experience in litigation. Declaration of Jared W. Beilke in Support of Plaintiff's Reasonable Attorneys' Fees, at ¶¶ 5-7. Mr. Beilke submits that his billing rate is currently $600 per hour. *Id.*, at ¶ 9.

Mr. Pletcher, former law clerk and now associate with JML Law's Law and Motion team, submitted his own declaration and billing records for this case, averring that he conducts various legal

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES - GENERAL

| Case No. | LA CV 15-2057 JCG | Date | August 24, 2017 |
|---|---|---|---|
| Title | *Clint Matkovich v. Costco Wholesale Corporation, et al.* | | |

research, drafts various motions and oppositions, and is relied upon by other attorneys at the firm for advice on how to handle matters that may require motion work. Declaration of Andrew S. Pletcher in Support of Plaintiff's Reasonable Attorneys' Fees, at ¶¶ 5-6, 8. Mr. Pletcher submits that his billing rate is currently $350.00 per hour. *Id.,*, at ¶ 21.

Finally, Ms. Lipski, former law clerk and now associate at JML Law, submitted her own declaration and billing records for this case. Declaration of Jennifer A. Lipski in Support of Plaintiff's Reasonable Attorneys' Fees, at ¶ 3-4. From 2010 until mid-2014, Ms. Lipski was assigned to an employment litigation team at JML Law. *Id.*, at ¶ 5. Ms. Lipski has been the lead attorney of the Law and Motion team since July 1, 2014, in which she is "responsible for handling [her] firm's motions (and oppositions to motions) being drafted and filed," and supervising the work of associates on the team. *Id.*, at ¶ 7. For this case, JML Law billed her time at $400 per hour during 2015 and 2016, and as of January 1, 2017, bills her time at $450 per hour. *Id.*, at ¶ 12.

In support of the reasonableness of the hourly rates claimed by each attorney, Plaintiff submits the declaration of Genie Harrison ("Ms. Harrison") of Genie Harrison Law Firm, who has "over twenty years of employment experience devoted almost exclusively to practicing plaintiff employment law in California" and is "familiar with the attorneys who litigate employment discrimination cases in the Southern California area, with the standard of practice among such attorneys, and with the rates charged by such attorneys." Declaration of Genie Harrison in Support of Plaintiff's Reasonable Attorneys' Fees, at ¶ 19. Based on her extensive experience in employment discrimination litigation, Ms. Harrison is of the opinion that the "requested rates between $350.00 to $750.0 for Joseph M. Lovretovich, his partners, and his associates are well within the range (or less) than the rates charged by comparably qualified attorneys for similar litigation." *Id.*, at ¶ 25.

Having considered the declarations submitted in support of Plaintiff's Fee Motion and taking into account the experience and expertise of each attorney, the Court finds that each of the requested rates is reasonable. *See, e.g., Dugan v. Cty. of Los Angeles*, 2014 WL 12577377, at *3 (C.D. Cal. Mar. 3, 2014) (finding that $650 is a reasonable hourly rate for inexperienced civil rights attorney at the time the case was litigated, after reviewing the declarations submitted by the parties); *Contreras v. City of Los Angeles*, 2013 WL 1296763, at *3 (C.D. Cal. Mar. 28, 2013) ("[I]n the declarations submitted by other civil rights lawyers, the highest rate awarded to any lawyer for civil rights work was $750."); *Bouman v. Block*, 940 F.2d 1211, 1235 (9th Cir.), *cert. denied*, 502 U.S. 1005 (1991) (finding the submission of declarations stating that the requested hourly rate was the prevailing market rate in the relevant community was sufficient to establish the appropriate rate for lodestar purposes); *James v. Cardinal Health 200 Inc.*, 2010 WL 4796931, at *2 (C.D. Cal. Nov. 22, 2010) (accepting declaration of an employment and labor attorney in Santa Ana, California not involved in the action as support for reasonableness of attorney's hourly rate).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES - GENERAL

| Case No. | LA CV 15-2057 JCG | Date | August 24, 2017 |
|----------|-------------------|------|-----------------|
| Title | *Clint Matkovich v. Costco Wholesale Corporation, et al.* | | |

    b. *Reasonable Hours*

Next, the Court must determine whether all the hours for which Plaintiff seeks fees were reasonably expended in this litigation.

Plaintiff seeks compensation for 661.80 attorney hours, charged pro rata according to each counsel's rate. In support of the hours Plaintiff claims to have expended, Plaintiff's counsel submits declarations and detailed billing records for each attorney who worked on the case.

Defendant challenges Plaintiff's claimed hours for the following reasons: (1) Plaintiff's documentation of hours expended is inadmissible because he failed to lay the foundation for the business record exception to the hearsay rule; (2) Plaintiff is not entitled to recover fees incurred in litigating the unsuccessful claims for retaliation and failure to engage in an interactive process; (3) the billing time sheets Plaintiff attached to his motion contain vague descriptions of the activities; and (4) there were "numerous areas in Plaintiff's claimed time that are excessive, duplicative and wasteful." [Dkt. No. 122 at 4-19.]

The Court addresses each contention in turn.

    i. *Plaintiff's Declarations and Attached Billing Entries*

First, "in California, an attorney need not submit contemporaneous time records in order to recover attorney fees . . . Testimony of an attorney as to the number of hours worked on a particular case is sufficient evidence to support an award of attorney fees, even in the absence of detailed time records." *Martino v. Denevi*, 182 Cal. App. 3d 553, 559 (Cal. Ct. App. 1986); *Lakim Indus., Inc. v. Linzer Products Corp.,* 2013 WL 1767799, at *8 (C.D. Cal. Apr. 24, 2013) ("Attorney affidavits regarding prevailing fees in the community and rate determinations in other cases are satisfactory evidence of the prevailing market rate."). Indeed, an "attorney's declaration identifying the work performed, hourly rates, and total fees incurred is *prima facie* evidence that the costs, expenses, and services listed were reasonable." *See Montano v. Bonnie Brae Convalescent Hosp., Inc.*, 2015 WL 12698407, at *3 (C.D. Cal. Sept. 14, 2015); *see also Hosford v. Bd. of Tr. of Cal. State Univ.*, 132 Cal. App. 4th 359, 396 (Cal. Ct. App. 2005) ("[T]he verified time statements of the attorneys, as officers of the court, are entitled to credence in the absence of a clear indication the records are erroneous.").

Here, Plaintiff provides sworn declarations of the attorneys as to the number of hours worked on Plaintiff's case and prevailing fees in the Central District and in other cases. Therefore, the Court finds that Plaintiff's declarations and billing sheets are sufficient evidence to support an attorneys' fees award. *See, e.g.,Montano*, 2015 WL 12698407, at *3; *Martino*, 182 Cal. App. 3d at 559.

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES - GENERAL

| Case No. | LA CV 15-2057 JCG | Date | August 24, 2017 |
|---|---|---|---|
| Title | *Clint Matkovich v. Costco Wholesale Corporation, et al.* | | |

    ii.   *Relatedness of Claims*

Second, while it is true that under both California and federal law, the court "must deduct from the lodestar hours spent exclusively on unrelated unsuccessful claims," the court must first find that the claims are "distinct in both fact and law." *Muniz v. United Parcel Service, Inc.*, 738 F.3d 214, 224 (9th Cir. 2013). A successful claim is unrelated to an unsuccessful claim "when the relief sought on the unsuccessful claim is intended to remedy a course of conduct entirely distinct and separate from the course of conduct that gave rise to the injury on which the relief granted is premised." *Envtl. Prot. Info. Ctr. v. California Dep't of Forestry & Fire Prot.*, 190 Cal. App. 4th 217, 238 (Cal. Ct. App. 2010).

Here, although Plaintiff's unsuccessful claims involved different elements, all of Plaintiff's claims were closely related such that an apportionment of fees is unwarranted. *See Trulsson v. Cty. of San Joaquin Dist. Attorney's Office*, 2014 WL 5472787, at \*4 (E.D. Cal. Oct. 28, 2014) (concluding that although plaintiff prevailed on two of her four claims under Title VII and FEHA, she obtained the relief she sought, namely past lost earnings and benefits, future lost earnings and benefits, and pain and suffering). Therefore, because Plaintiff obtained all of the compensatory damages and some of the emotional distress damages sought, Plaintiff's failure to prevail on his retaliation and failure to engage in an interactive process claims "was ultimately unnecessary" to Plaintiff's success. *See Envtl. Prot. Info. Ctr.*, 190 Cal. App. 4th at 238.

As such, the Court rejects Defendant's contention that Plaintiff is not entitled to recover fees incurred in litigating the claims for retaliation and failure to engage in an interactive process.

    iii.   *Vague Entries*

Third, Defendant argues that some of Plaintiff's billing entries are so vague that these hours should be deducted. [Dkt. No. 122 at 8-9.]

However, after reviewing the entries for which Defendant argues are too vague to allow for meaningful review, the Court finds that such entries are sufficiently specific in order to determine the "general subject matter of [plaintiff's counsel's] time expenditures." *Davis v. City and Cty. of San Francisco*, 976 F.2d 1536, 1543 (9th Cir. 1992), *vacated in part on other grounds*, 984 F.2d 345; *see also Dugan*, 2014 WL 12577377, at \* 6 (declining to exclude hours of entries that defendants argue are "too vague to form the basis for a fee award").

Therefore, the Court declines to exclude these hours from the lodestar calculation.

    iv.   *Excessive, Duplicative, or Wasteful Entries*

Finally, Defendant argues that there are "numerous areas in Plaintiff's claimed time that are excessive, duplicative and wasteful," and that the Court should therefore deduct these hours from the lodestar calculation. [Dkt. No. 122 at 11-19.]

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES - GENERAL

| Case No. | LA CV 15-2057 JCG | Date | August 24, 2017 |
|---|---|---|---|
| Title | *Clint Matkovich v. Costco Wholesale Corporation, et al.* | | |

However, as the Ninth Circuit observed, and Plaintiff points out:

> [L]awyers are not likely to spend unnecessary time on contingency fee cases in the hope of inflating their fees. The payoff is too uncertain, as to both the result and the amount of the fee. It would therefore be the highly atypical civil rights case where plaintiff's lawyer engages in churning. By and large, the court should defer to the winning lawyer's professional judgment as to how much time he was required to spend on the case; after all, he won, and might not have, had he been more of a slacker.

*Moreno v. City of Sacramento*, 534 F.3d 1106, 1112 (9th Cir. 2008); [Dkt. No. 127 at 10-11]. As for Defendant's objections to the hours spent preparing for and drafting various filings because there were each only "one page long", the Court "will not penalize counsel for brevity of pleadings." *See Guess?, Inc. v. Tres Hermanos, Inc.*, 1998 WL 1770071, at *2 (C.D. Cal. June 1, 1998) ("[G]ood writers well know that it can take more time—not less—to produce concise, persuasive writing."). Therefore, after reviewing all of Plaintiff's billing entries, and the hours challenged by Defendant, the Court is unpersuaded that a deduction is warranted for the entries Defendant argues are "duplicative, excessive, or unnecessary."

Accordingly, the Court awards attorneys' fees as follows:

| Name | Position | Hourly Rate | Total Hours | Lodestar |
|---|---|---|---|---|
| Joseph M. Lovretovich | Attorney | $750 | 135.20[2] | $101,400.00 |
| Jared W. Beilke | Attorney | $600 | 123.30 | $73,980.00 |
| D. Aaron Brock | Attorney | $600 | 44.75 | $26,850.00 |
| Jennifer A. Lipski | Attorney | $400/450 | 6.00 | $2,520.00 |
| Christopher P. Brandes | Attorney | $350 | 112.85 | $39,497.50 |
| Andrew S. Pletcher | Attorney | $350 | 234.10 | $81,935.00 |
| Karina Godoy | Attorney | $350 | 5.60 | $1,960.00 |
| | | | **Total:** 661.80 | **Total:** $328,142.50 |

---

[2]     The Court has also reviewed Plaintiff's documentation of hours billed on various matters involving this litigation since Plaintiff filed his Fee Motion on July 13, 2017, and finds the hours expended to be reasonable. As such, the Court also adds 2.3 hours to Mr. Lovretovich's total hours, 1.9 hours to Mr. Beilke's, and 15.80 to Mr. Pletcher's. [Dkt. No. 127 at 11-12.] However, the Court declines Plaintiff's request to include the "anticipated hours" spent preparing for, traveling to and from, and appearing at the August 24, 2017 hearing. [*See* Dkt. No. 127 at 17.]

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES - GENERAL

| Case No. | LA CV 15-2057 JCG | Date | August 24, 2017 |
|---|---|---|---|
| Title | *Clint Matkovich v. Costco Wholesale Corporation, et al.* | | |

2.   Multiplier

As a rule, the lodestar that may be adjusted by a court based on factors, including: (1) the novelty and difficulty of the questions involved; (2) the skill displayed in presenting them; (3) the extent to which the nature of the litigation precluded other employment by the attorneys; and (4) the contingent nature of the fee award. *See Ketchum v. Moses*, 24 Cal. 4th 1122, 1132 (2001) (citing *Serrano III*, *supra*, 20 Cal. 3d at 48). The purpose of the enhancement is "to fix a fee at the fair market value for the particular action." *Id.* at 291.

However, while "California's Supreme Court implicitly found that it would be appropriate to enhance an award by means of a multiplier to reflect the broad public impact of the results obtained and to compensate for the high quality of work performed and the contingencies involved in undertaking this litigation," "this does not mean . . . that the trial courts should enhance the lodestar figure in every case of uncertain outcome or where the work performed was of high quality." *See Weeks v. Baker & McKenzie*, 63 Cal. App. 4th 1128, 1172 (Cal. Ct. App. 1998).

In this case, the application of a multiplier is unwarranted. Although Plaintiff's counsel took this case on a contingency basis, this case was neither novel nor difficult, especially given that it was adjudicated in a two-and-a-half day bench trial with a total of four witnesses, and none of whom were experts. *See Hector Montano v. Bonnie Brae Convalescent Hosp., Inc.*, C.D. Cal., Case No. 2:12-cv-03462-FMO-AGR, [Dkt. No. 85 at 27]; *Montano*, 2015 WL 12698407, at *5 (declining to apply a multiplier even though "FEHA plaintiffs cannot usually afford to pay competent counsel by the hour to adjudicate their rights").

As such, the Court finds that the lodestar figure of $328,142.50 represents fair market value, and therefore declines to apply a multiplier.

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES - GENERAL

| Case No. | LA CV 15-2057 JCG | Date | August 24, 2017 |
|---|---|---|---|
| Title | *Clint Matkovich v. Costco Wholesale Corporation, et al.* | | |

## IV.
## CONCLUSION

For the foregoing reasons, the Court **ORDERS** as follows:

1.　　　Defendant's Rule 52 Motion is **DENIED**; and

2.　　　Plaintiff's Fee Motion is **GRANTED IN PART AND DENIED IN PART.** Defendant shall pay Plaintiff attorneys' fees in the sum of $328,142.50, no more than thirty (30) days from the date of entry of this Order.

**IT IS SO ORDERED.**


cc: Parties of Record

| | 00 | : | 00 |
|---|---|---|---|
| Initials of Clerk | | kh | |