UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| MATTHEW DOHERTY,<br><br>   Plaintiff,<br><br>  v.<br><br>ASURION UBIF FRANCHISE, LLC,<br><br>   Defendant. | Case No.  5:22-cv-02822-EJD<br><br>**ORDER GRANTING IN PART AND DENYING IN PART MOTION TO DISMISS**<br><br>Re: Dkt. No. 14 |

Plaintiff Matthew Doherty was terminated from his employer, Defendant Asurion UBIF Franchise, LLC, after seven days on the job. He alleges that Defendant did so, in violation of various California labor and employment provisions, after Defendant had learned Plaintiff was receiving cancer treatment. Defendant's proffered reason for the termination was that Plaintiff had not completed a Form I-9.

Defendant removed this complaint from the Santa Clara County Superior Court and has now moved to dismiss all five claims in the Complaint under Rule 12(b)(6). The Court took this matter under submission without oral argument on October 26, 2022. Based on the following, the Court GRANTS IN PART and DENIES IN PART Defendant's Motion.

I.  **BACKGROUND**

  **A.** **Facts**

The facts in this case are simple, given that they span over the course of a week. On October 4, 2021, Plaintiff Matthew Doherty began working for Defendant Asurion UBIF Franchise, LLC ("Asurion"), as a "Retail Store Lead" for a uBreakiFix store in Cupertino, California. Not. Removal ¶ 12(a)(1); *see also id.*, Ex. 4 ("Compl.") ¶ 7. On his second day of

1  work, Plaintiff informed his supervisor that he needed to leave work early for a doctor's

2  appointment. *Id.* Two days later, on October 7, Plaintiff's supervisor asked him about the

3  doctor's appointment, to which Plaintiff responded that had been receiving treatment for cancer.

4  *Id.* ¶ 9. The next day, on October 8, Plaintiff's area manager called him to ask if he had cancer,

5  which he had heard from the human resources department. *Id.* ¶ 10.

6  On October 11, 2021, Defendant terminated Plaintiff's employment, purportedly citing his

7  failure to complete a Form I-9. *Id.* ¶ 11. In total, Plaintiff was employed for about 7 days. The

8  Complaint alleges that Defendant's citation to the I-9 form was false or pretextual because the

9  company knew that Plaintiff was born in the United States, had provided necessary documents to

10  verify his identity, and had been trying to complete an I-9 form. *Id.* ¶ 12.

**B.  Procedural History**

12  On March 8, 2022, Plaintiff filed his complaint in the Santa Clara County Superior Court.

13  Not. Removal ¶ 1. He asserted three claims under the California Fair Employment and Housing

14  Act ("FEHA") for discrimination based on his disability or medical condition, retaliation, and

15  failure to prevent discrimination and retaliation. *Id.* Additionally, he asserts violations of

16  California Labor Code §§ 98.6 and 1019.1 for retaliation and work authorization restrictions, as

17  well as wrongful termination in violation of public policy. *Id.*

18  On May 12, 2022, Defendant removed the case to this district and filed a motion to

19  dismiss on May 19, 2022. ECF Nos. 1, 6. On May 26, 2022, Defendant subsequently filed the

20  instant Amended Motion to Dismiss, seeking to dismiss all five claims on Rule 12(b)(6) grounds.

21  ECF No. 14 ("Mot."). On October 26, 2022, the Court took the motion under submission without

22  oral argument. ECF No. 20.

**II.  LEGAL STANDARD**

24  "To survive a motion to dismiss, a complaint must contain sufficient factual matter,

25  accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S.

26  662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A plaintiff must

27  "plead[] factual content that allows the court to draw the reasonable inference that the defendant is

Case No.: 5:22-cv-02822-EJD
ORDER GRANTING IN PART AND DENYING IN PART MOTION TO DISMISS
2

liable for the misconduct alleged," which requires "more than a sheer possibility that a defendant has acted unlawfully." *Id.* The Court must "accept factual allegations in the complaint as true and construe the pleadings in the light most favorable to the nonmoving party." *Manzarek v. St. Paul Fire & Marine Ins. Co.*, 519 F.3d 1025, 1031 (9th Cir. 2008).

### III. DISCUSSION

Defendant seeks to dismiss every claim in the Complaint without leave to amend. The Court addresses each claim in turn.

#### A. FEHA – Discrimination

The California FEHA prohibits employers from discriminating against employees on the basis of, *inter alia*, physical ability and medical condition. Cal. Gov. Code § 12940(a). The California Supreme Court has held that the "illegitimate criterion [must be] a substantial factor in the particular employment decision." *Harris v. City of Santa Monica*, 56 Cal. 4th 203, 232 (2013). In the same decision, the state high court also held that "the law generally makes no distinction between circumstantial and direct evidence absent some affirmative indication in a statute." *Id.*

Defendant moves to dismiss this claim solely for failure to allege causation, specifically that the Complaint does not allege who specifically made the decision to terminate Plaintiff or that Plaintiff's medical condition was a "substantial factor" in the termination decision. Mot. 5–6. Defendant also argues that there are no allegations evidencing a discriminatory motive or that anyone outside of Plaintiff's protected class was treated more favorably. Mot. 6.

The Court disagrees with Defendant's interpretation of the pleadings. The Complaint alleges that, within the week Plaintiff was employed, at least two of Defendants' employees inquired about Plaintiff's cancer condition. Compl. ¶¶ 9–10. Three days after an "area manager" confirmed Plaintiff did indeed have cancer, Plaintiff was terminated for not completing a routine onboarding form. *Id.* ¶ 11. Given how brief Plaintiff's employment was, these allegations suffice at this stage to "create a reasonable inference that [Defendant] acted discriminatorily" based on newly discovered knowledge of Plaintiff's medical condition. *Rockymore v. Eurofins Donor & Prod. Testing, Inc.*, 2022 WL 1188859, at *5 (N.D. Cal. Apr. 20, 2022).

Case No.: 5:22-cv-02822-EJD
ORDER GRANTING IN PART AND DENYING IN PART MOTION TO DISMISS
3

These interpretations of the Complaint's supposed deficiencies are strained and unpersuasive. Defendant makes much ado about the fact that the Complaint does not identify the specific individual who made the termination decision or allege that this individual even knew of Plaintiff's medical condition. Mot. 6. This is hardly a winning proposition, given that the Complaint alleges, in addition to Plaintiff's supervisor and area manager who directly asked about his condition, Defendant's Human Resources Department also knew of and had discussed Plaintiff's medical condition with at least Plaintiff's area manager. Compl. ¶ 10. Defendant effectively asks this Court to believe that its termination decision was made without consulting Plaintiff's supervisor, his area manager, or its own human resources department. The Court declines the invitation to suspend its disbelief to such precipitous heights.

Nor do Defendant's cited cases support its purported theories for dismissal. Defendant cites three cases from this district dismissing FEHA discrimination cases for the general proposition that plaintiffs must allege some plausible connection between their protected status and the adverse employment action. Mot. 6 (citing *Rockymore*, 2022 WL 1188859, at *6; *Madrigal v. Performance Transportation, LLC*, 2021 WL 1253795, at *4 (N.D. Cal. Apr. 5, 2021); *Olsen v. Hortica Ins. Co.*, 2022 WL 464173, at *6 (N.D. Cal. Feb. 15, 2022)). However, the case at bar *does* contain allegations connecting Plaintiff's medical condition to his termination, specifically that Plaintiff's supervisor, area manager, and Defendant's human resources department had all recently learned of and discussed his medical condition three days before his termination. None of the plaintiffs in Defendants' cited cases were terminated so shortly after the employers learned of the plaintiffs' disabilities nor were their tenures so brief that the disabilities' sudden revelations would have predominated over any other consideration. The Court finds the instant case to be distinguishable from Defendants' cited cases based on these unique facts.

Because the Court finds that the Complaint has sufficiently alleged facts that permits a reasonable inference of causation, the Court DENIES Defendant's Motion to Dismiss the Complaint's First Claim for FEHA discrimination.

### B.     FEHA – Retaliation

The California FEHA also prohibits terminating an employee that has "opposed any practice forbidden" under FEHA. Cal. Gov. Code § 12940(h). "To state a claim for unlawful retaliation under FEHA, a plaintiff must show that '(1) he or she engaged in a protected activity, (2) the employer subjected the employee to an adverse employment action, and (3) a causal link existed between the protected activity and the employer's action.'" *Abel Lugo v. Performance Transportation, LLC*, 2020 WL 7034336, at *3 (C.D. Cal. Oct. 5, 2020) (quoting *Yanowitz v. L'Oreal USA, Inc.*, 36 Cal. 4th 1028, 1042 (2005)).

Defendant argues that Plaintiff has not alleged he engaged in a protected activity or the type of accommodations he would have needed in the future. Mot. 6–7. Plaintiff only responds by reciting the Complaint's allegations and arguing that he "put Defendant on notice of his need for a reasonable accommodation of a medical leave of absence." Opp. 5.

The Court agrees with Defendant on this point. The only conduct Plaintiff is alleged to have engaged in is his early departure for a doctor's appointment and informing his supervisor that he has cancer. Compl. ¶¶ 8–9. However, "[n]otifying one's employer of one's medical status . . . does not constitute engaging in opposition to any practices forbidden under FEHA." *Moore v. Regents of Univ. of California*, 248 Cal. App. 4th 216, 247 (2016). Plaintiff argument that he had notified Defendant of "his need for a reasonable accommodation of a medical leave of absence" is not supported by the Complaint's allegation that he "may need to leave work early for [a] doctor's appointment." Opp. 5; Compl. ¶ 8. Even if such facts could be construed from the Complaint, the California Court of Appeal in *Moore* had found similar allegations of notifying an employer of a "finite leave of absence" to be insufficient to constitute "protected activity" for a FEHA retaliation claim. 248 Cal. App. 4th at 244, 247–48.

The Court also expresses some skepticism that the Complaint has sufficiently alleged the necessary causal link between Plaintiff's leave of absence and his termination. As discussed at Section III(A) above, the Complaint sufficiently alleges the causation between Plaintiff's medical condition and his termination. Consequently, the Court is doubtful that—had Plaintiff not

1   disclosed his specific medical condition—Defendant would have nonetheless decided to terminate
2   Plaintiff simply for leaving work early for a doctor's appointment, *i.e.*, "protected activity" at issue
3   in Plaintiff's retaliation claim.[1]

Accordingly, the Court GRANTS Defendant's Motion to Dismiss the Second Claim for FEHA retaliation. However, because the Court cannot conclude that further factual amendment would be futile (*e.g.*, alleging that Plaintiff was admonished for taking time off work to attend his doctor's appointment), the Court will grant Plaintiff LEAVE TO AMEND.

### C. Failure to Prevent FEHA Violation and Wrongful Termination

The Court considers the Complaint's Third and Fifth Claims together because the parties' arguments are identical as to both. The California FEHA prohibits employers from "fail[ing] to take all reasonable steps necessary to prevent discrimination and harassment from occurring." Cal. Gov. Code § 12940(k). Meanwhile, to state a claim for a wrongful termination in violation of public policy, Plaintiff must allege that "the employer violated a public policy affecting 'society at large rather than a purely personal or proprietary interest of the plaintiff or employer' [and] the policy at issue must be substantial, fundamental, and grounded in a statutory or constitutional provision." *Holmes v. Gen. Dynamics Corp.*, 17 Cal. App. 4th 1418, 1426 (1993)

Defendant's only argument for dismissing these derivative claims is that Plaintiff has inadequately pled the underlying FEHA discrimination and retaliation claims. Mot. 10; Reply 7–8. However, as discussed at Section III(A), the Court finds that Plaintiff *has* sufficiently pled a FEHA discrimination claim. Accordingly, the Court DENIES Defendant's Motion to Dismiss the Third Claim for failure to prevent the FEHA violation and Fifth Claim for wrongful termination in violation of public policy.

### D. Cal. Labor Code § 1019.1

California Labor Code § 1019.1 enumerates four prohibited employer practices with

---

[1] These observations are not to be construed as an acceptance of Defendant's arguments in footnote 1 of its Reply, regarding Plaintiff's allegedly inconsistent claims of why he was terminated. The Federal Rules expressly permit parties to "state as many separate claims or defenses as it has, regardless of consistency." Fed. R. Civ. P. 8(d)(3).

Case No.: 5:22-cv-02822-EJD
ORDER GRANTING IN PART AND DENYING IN PART MOTION TO DISMISS
6

respect to verifying its employees' employment authorization. Most relevant here, employers are not permitted to "[r]efuse to honor documents tendered that on their face reasonably appear to be genuine." Cal. Lab. Code § 1019.1(a)(2).

With respect to Defendant's employment authorization practices, the Complaint alleges that the Defendant terminated Plaintiff for not completing a Form I-9, despite knowing that he was authorized to work in the United States and had provided necessary documents to verify his identity. Compl. ¶¶ 11–12. Defendant argues that these allegations do not communicate any details about Defendant's refusal to honor Plaintiff's documents. Mot. 8.

Although the Complaint does insinuate that Defendant refused to honor Plaintiff's proffered documents by terminating him because of his Form I-9, the Court finds that the Complaint, as currently pled, has not stated a violation of § 1019.1. Per USCIS's website, an employee's obligations on a Form I-9 are to "attest to their *employment authorization*" and to "present their employer with acceptable documents as evidence of identity *and employment authorization*." *I-9, Employment Eligibility Verification*, USCIS (Dec. 20, 2022), https://www.uscis.gov/i-9 (emphasis added).[2] Here, the Complaint only alleges that Plaintiff "had provided the necessary documents to verify his identity," but it does not allege that Plaintiff had provided sufficient evidence of his employment authorization. Although there are certain documents Plaintiff could have presented that would establish *both* his identity and employment authorization, *see id.* (*e.g.*, a U.S. Passport), the Complaint does not allege that Plaintiff had provided such a document nor are there allegations that permit the Court to reasonably infer that he did. Without allegations that Plaintiff had also provided evidence of his employment authorization, Defendant's decision to terminate Plaintiff for Form I-9 failures could have been based on insufficient documentation and does not necessarily imply a refusal to honor those documents in violation of Labor Code § 1019.1(a)(2).

---

[2] The Court may take judicial notice *sua sponte* of information publicly available on a government webpage. *See, e.g.*, Fed. R. Evid. 201(b); *Poursohi v. Blinken*, 2021 WL 5331446, at *1 (N.D. Cal. Nov. 16, 2021) (citing *sua sponte* U.S. Dept. of State webpage regarding immigrant visas).

Case No.: 5:22-cv-02822-EJD
ORDER GRANTING IN PART AND DENYING IN PART MOTION TO DISMISS
7

Case 5:22-cv-02822-EJD   Document 27   Filed 04/05/23   Page 8 of 9

However, the Court notes that, if Plaintiff can truthfully allege that he provided documentation verifying both his identity and employment authorization, then the Court would be inclined to infer that Defendant had refused to honor those documents.  If the Plaintiff is alleged to have already provided all necessary documents to verify his identity and employment authorization—thereby satisfying the primary purpose of Form I-9, *see id.* ("Use Form I-9 to verify the identity and employment authorization of individuals")—the Court does not think it unreasonable to infer that the provided documents were not honored, even if Plaintiff had not yet completed his Form I-9.  To the contrary, the Court finds that it would be less plausible that Defendant decided to terminate Plaintiff because, despite providing the necessary documents, he had not yet completed a form that only required him to fill out his personal information and check a box attesting to being a U.S. citizen.  *See id.*

Accordingly, the Court GRANTS Defendant's Motion to Dismiss the Fourth Claim to the extent it asserts violations of § 1019.1.  Because the Court finds that amendment would not be futile, the Court will DISMISS this claim WITH LEAVE TO AMEND.

### E.     Cal. Labor Code § 98.6

California Labor Code § 98.6(a) prohibits employers from discharging, discriminating against, retaliating, or taking any adverse action against an employee that "engaged in any conduct delineated in this chapter."  The Complaint asserts that this includes conduct covered by California Labor Code § 1019.1, regarding employment authorization.  Compl. ¶ 46; *see also* Opp. 7.

Defendants argue that § 1019.1 only addresses employer conduct and, therefore, cannot constitute any "protected activity" for the purposes of § 98.6(a).  Mot. 8–9.  Plaintiff does not present a cogent rebuttal of this point; he only asserts broadly that § 98.6 "prohibits retaliation for engaging in *any* rights protected under the Labor Code."  Opp. 7 (emphasis in original).  The Court finds Defendant's position persuasive.  Labor Code § 1019.1 only purports to proscribe employer conduct; it does not set forth any separate rights inuring to the benefit of employees.  To the extent Plaintiff suggests that § 1019.1 implicitly protects some right by virtue of restricting employer conduct, it has not set forth that theory in its opposition nor alleged it in the Complaint.

ORDER GRANTING IN PART AND DENYING IN PART MOTION TO DISMISS
8

Accordingly, the Court will also GRANT Defendant's Motion to Dismiss the Fourth Claim to the extent it asserts violations of California Labor Code § 98.6. The Court will grant Plaintiff LEAVE TO AMEND, as it cannot conclude that further amendment would be futile.

## IV.  CONCLUSION

Based on the foregoing, the Court GRANTS IN PART and DENIES IN PART Defendant's Motion to Dismiss the Complaint, as follows:

- The Motion is DENIED as to the First Claim for discrimination under FEHA;
- The Motion is GRANTED WITH LEAVE TO AMEND as to the Second Claim for retaliation under FEHA;
- The Motion is DENIED as to the Third Claim for failure to prevent FEHA discrimination;
- The Motion is GRANTED WITH LEAVE TO AMEND as to the Fourth Claim for violations of the California Labor Code § 1019.1 and § 98.6; and
- The Motion is DENIED as to the Fifth Claim for wrongful termination in violation of public policy.

Any amended complaint shall be filed within 21 days of this order.

**IT IS SO ORDERED.**

Dated: April 5, 2023

EDWARD J. DAVILA
United States District Judge

Case No.: 5:22-cv-02822-EJD
ORDER GRANTING IN PART AND DENYING IN PART MOTION TO DISMISS
9